WOLF, J.
The Department of Revenue (Department) appeals a circuit court’s order vacating the Department’s administrative child support order. Section 409.2563, Florida Statutes (2006), permits the Department to seek a child support award from a noncustodial parent when the State of Florida provides certain welfare services to the custodial parent. Upon receipt of the Department’s petition, a non-custodial parent may either (1) file a request for a hearing or waive this right, thus allowing the Department to enter an order establishing a child support award, or (2) object to the Department’s handling of the child support issue and request the matter be taken up by the circuit court. §§ 409.2563(4)(h) & (m)4., Fla. Stat. (2006).
In the instant case, appellee received the petition and timely requested the Department to proceed against him in the circuit court to determine his child support obligations. In response to this request, the Department filed a petition in the circuit court. Upon receipt of that petition, ap-pellee had 10 days to file a waiver of service ensuring the Department dismissed the administrative proceeding in favor of the circuit court’s jurisdiction. § 409.2563(4)(m)(4), Fla. Stat. (2006). Ap-pellee concedes he failed to file his waiver of service. Accordingly, the Department proceeded administratively on the child support issue and did not further litigate the issue in circuit court.
On December 27, 2006, appellee was served a copy of the Department’s proposed administrative support order and was notified that he had 20 days to respond to the order. Appellee was notified in the proposed support order that, if he had any objections to the order, he should request an administrative hearing on the matter; however, appellee did not seek an administrative hearing as advised, but chose to file an Answer and Counter Petition in the circuit court. As a result of appellee’s failure to do as instructed, the Department entered an administrative support order adopting the recommended child support award noticed in the proposed order.
In response to the Department’s entry of the child support order, appellee filed a Motion to Vacate and Set Aside Administrative Support Order and For Sanctions Against the Florida Department of Revenue. Appellee subsequently withdrew the request for sanctions.
*1259 The trial court held a hearing on the motion to vacate, at which appellee’s counsel admitted he failed to file a waiver of service within 10 days of the petition being filed in the circuit court, but stated he attempted to call the Department and left a message inquiring into whether he should file a waiver or just an answer. In response to appellee’s argument, the Department asserted that the trial court was without jurisdiction to vacate or modify the administrative order entered by the Department and that appellee’s only remedy was to directly appeal the Department’s support order to the appellate court.
At the conclusion of the hearing, the trial court entered an Order Vacating and Setting Aside “Final Administrative Support Order” on principles of equity. The Department timely appeals this order asserting the trial court was without jurisdiction to vacate the administrative order.
Section 409.2563(10)(a), Florida Statutes (2006), provides in pertinent part:
A noncustodial parent has the right to seek judicial review of an administrative support order or a final order denying an administrative support order in accordance with s. 120.68. The department has the right to seek judicial review, in accordance with s. 120.68, of an administrative support order or a final order denying an administrative support order entered by an administrative law judge of the Division of Administrative Hearings.
Section 120.68(2)(a), Florida Statutes (2006), provides:
Judicial review shall be sought in the appellate district where the agency maintains its headquarters or where a party resides or as otherwise provided by law. All proceedings shall be instituted by filing a notice of appeal or petition for review in accordance with the Florida Rules of Appellate Procedure within 30 days after the rendition of the order being appealed. If the appeal is of an order rendered in a proceeding initiated under s. 120.56, the agency whose rule is being challenged shall transmit a copy of the notice of appeal to the committee.
Further, section 409.2563(10)(c), Florida Statutes (2006), provides the following:
A circuit court of this state, where venue is proper and the court has jurisdiction of the parties, may enter an order prospectively changing the support obligations established in an administrative support order, in which case the administrative support order is superseded and the court’s order shall govern future proceedings in the case. Any unpaid support owed under the superseded administrative support order may not be retroactively modified by the circuit court, except as provided by s. 61.14(l)(a), and remains enforceable by the department, by the obligee, or by the court. In all cases in which an administrative support order is superseded, the court shall determine the amount of any unpaid support owed under the administrative support order and shall include the amount as arrear-age in its superseding order.
When read in pari materia, these provisions authorize the circuit court to supersede the entry of an administrative support order by entering only a prospective order modifying the child support award. These provisions clearly do not authorize the trial court to enter an order expressly vacating, or retroactively affecting, the administrative support order. Thus, the trial court lacked jurisdiction to vacate the administrative support order, and the order must be reversed.
The Department further asserts that a rule 1.540 motion is an improper *1260 vehicle for a party seeking termination of an administrative support order. Because the circuit court has no jurisdiction to amend, modify, or terminate the administrative support order retroactively, the Department is correct that a rule 1.540 motion cannot be considered by a circuit court as to an administrative support order.
Therefore, the order vacating the Final Administrative Support Order is REVERSED.
ALLEN and POLSTON, JJ., concur.