996 So.2d 900 (2008)
DEPARTMENT OF REVENUE, on behalf of Vanessa CHEVOR, Appellant,
v.
Azad MOHOMED, Appellee.
No. 5D07-4110.
District Court of Appeal of Florida, Fifth District.
November 21, 2008.
Bill McCollum, Attorney General, Tallahassee and Toni C. Bernstein Assistant Attorney General, of the Attorney General Child Support Enforcement, Tallahassee, for Appellant.
No Appearance for Appellee.
PALMER, C.J.
The Department of Revenue ("the Department"), on behalf of Vanessa Chevor, appeals the order entered by the trial court setting aside an administrative support order. Concluding that the trial court lacked jurisdiction to retroactively set aside the administrative support order, we vacate the trial court's order.
*901 The Department filed a notice of proceeding to establish an administrative support order to require Azad Mohomed to pay support for his child. A final administrative support order was entered establishing Mohomed's child support obligation. The final order advised Mohomed that if he wished to appeal the support order he should file a copy of a notice of appeal and pay the required filing fee to the clerk of the First District Court of Appeal or to the clerk of the District Court of Appeal in the district where he lived. Mohomed filed no appeal. Instead, he filed a letter with the trial court in proceedings then pending in the Ninth Judicial Circuit Court. The letter contested the propriety of the administrative support order.
Upon review of Mohomed's letter, the trial court entered an order setting aside the administrative child support order based on an alleged violation of Mohomed's due process rights and further noted that a temporary child support order had been established by the court in a separate dissolution case involving Mohomed. The Department appeals this order.
The Department contends that the trial court's order setting aside the administrative child support order is void, and thus must be vacated, because jurisdiction to retroactively review a final administrative child support order is vested in the district courts of appeal not in the circuit courts. We agree.
Section 409.2563(10)(a) and (c), Florida Statutes (2006), provides in pertinent part:
409.2563 Administrative establishment of child support obligations.
* * *
(10) Judicial review, enforcement, or court order superseding administrative support order.
* * *
(a) A noncustodial parent has the right to seek judicial review of an administrative support order or a final order denying an administrative support order in accordance with s. 120.68....
* * *
(c) A circuit court of this state, where venue is proper and the court has jurisdiction of the parties, may enter an order prospectively changing the support obligations established in an administrative support order, in which case the administrative support order is superseded and the court's order shall govern future proceedings in the case. Any unpaid support owed under the superseded administrative support order may not be retroactively modified by the circuit court, except as provided by s. 61.14(1)(a), and remains enforceable by the department, by the obligee, or by the court. In all cases in which an administrative support order is superseded, the court shall determine the amount of any unpaid support owed under the administrative support order and shall include the amount as arrearage in its superseding order.
§ 409.2563(a) & (c), Fla. Stat. (2006). Section 120.68(2)(a), Florida Statutes (2006), provides:
Judicial review.
* * *
(2)(a)Judicial review shall be sought in the appellate district where the agency maintains its headquarters or where a party resides or as otherwise provided by law. All proceedings shall be instituted by filing a notice of appeal or petition for review in accordance with the Florida Rules of Appellate Procedure *902 within 30 days after the rendition of the order being appealed.
§ 120.68, Fla. Stat. (2006).
These provisions do not authorize the trial court to enter an order vacating or retroactively affecting a final administrative child support order. As such, the trial court lacked the legal authority to vacate the instant final administrative child support order. See State, Dep't. of Revenue ex rel. Chamberlain v. Manasala, 982 So.2d 1257 (Fla. 1st DCA 2008)(holding that although a circuit court is authorized to supersede the entry of an administrative support order by entering a prospective order modifying the child support award, it is not authorized to enter an order vacating or retroactively affecting the administrative support order).
ORDER VACATED.
GRIFFIN and LAWSON, JJ., concur.