SAWAYA, J.
 

 The Department of Revenue, Child Support Enforcement Program (the Department), appeals the circuit court’s order voiding an administrative modification of child support and the circuit court’s order denying the Department’s motion to vacate that order. The issue we must resolve is whether the circuit court erred when it held that a previous court order was a superseding order under section 409.2563, Florida Statutes (2008), that vested sole jurisdiction in the circuit court, thus depriving the Department of jurisdiction to issue an administrative modification of child support. We reverse the orders under review.
 

 The procedural path this case has taken is important to the resolution of the issue before us so we will discuss it in detail. In 2004, the Department filed a notice of proceeding on behalf of the mother to establish an administrative support order requiring the father, Keith Hoover, to pay child support for their child. The Department instituted these proceedings because the mother was receiving public assistance. § 409.2563(2)(c), Fla. Stat. (2004). On October 21, 2005, a final administrative support order was entered ordering Hoover to pay a child support obligation of $394.68 per month and reserving ruling regarding retroactive support.
 

 On February 7, 2007, the Department filed a Notice of Proceeding to Modify Final Administrative Support Order, which was served on Hoover on March 2, 2007. Pending resolution of the modification request, on May 3, 2007, the Department filed with the circuit court a petition for enforcement of the October 21, 2005, administrative support order alleging nonpayment. On July 2, 2007, Hoover filed a motion in the circuit court seeking entry of a superseding order, claiming that the Department had initiated an administrative action to modify the administrative support order and seeking termination of all administrative proceedings to allow adjudication solely before the circuit court.
 

 After the hearing on the Department’s enforcement petition and Hoover’s motion, the court entered an order dated July 25, 2007, which lies at the heart of the issue before us. Hoover claims that the order is a superseding order (hereinafter the purported superseding order) that divested the Department of jurisdiction to proceed administratively. In this order, the court held that Hoover was required to pay $394.68 per month in child support and reserved ruling on the arrearage.
 

 The Division of Administrative Hearings entered a final administrative support modification order (hereinafter the modification order) on August 17, 2007, increasing Hoover’s current child support obligation, based upon a change in his financial circumstances, from $394.68 per month to $751 per month. The modification order also determined Hoover’s total retroactive child support obligation to be $21,807.84, payable at the rate of $150 per
 
 *101
 
 month. Prior to issuance of the modification order, the Department notified Hoover of its request for modification and Hoover requested a hearing with the Division of Administrative Hearings.
 

 The Department subsequently filed a petition for contempt with the circuit court, alleging Hoover was in arrears on his child support under the modification order. At the hearing on that petition, the child support enforcement hearing officer recommended Hoover be held in contempt. The circuit court adopted the hearing officer’s report and recommendation and entered a final order of contempt on May 7, 2008. However, the court entered an order dated June 18, 2008, recognizing a conflict between the court’s purported superseding order dated July 25, 2007, and the court’s contempt order that was based on the modification order. The court held that its purported superseding order was indeed a superseding order under section 409.2563, Florida Statutes (2008), that vested the circuit court with jurisdiction and that the modification order entered by the Department was therefore void because the Department was divested of jurisdiction to enter it. The Department filed a motion to vacate the order dated June 13, 2008, which was denied.
 

 The Department appeals, claiming that the circuit court erroneously interpreted the meaning of superseding order under section 409.2563, and further claims that the court attempted to exercise appellate jurisdiction over the administrative action when appellate jurisdiction is specifically vested only in the district courts of appeal under section 120.68, Florida Statutes (2008). In order to understand the Department’s claims, it is necessary to examine the procedures for establishing child support in cases where a parent is receiving public assistance, starting with the administrative procedure and moving to the role of the circuit court.
 

 The Department is empowered to administratively establish child support obligations as an alternative to proceeding in the circuit court. § 409.2563(2)(a). A final administrative support order “has the same force and effect as a court order and remains in effect until modified by the department, vacated on appeal, or superseded by a subsequent court order.” § 409.2563(11). The Department may modify the administrative support order by following the same procedures for establishing the initial support order, provided that it has not been superseded by a subsequent court order. § 409.2563(12). Child support obligations may also be determined by the circuit court. § 409.2563(2)(a). If the proceeding began as an administrative procedure, “[t]he department shall terminate the administrative proceeding and file an action in circuit court to determine support if within 20 days after receipt of the initial notice the parent from whom support is being sought requests in writing that the department proceed in circuit court .... ” § 409.2563(2)(f).
 
 [1]
 

 If the parent from whom support was sought wishes to appeal the administrative support order, he or she has a right to judicial review with the district court of appeal. § 120.68(2)(a) (“Judicial review shall be sought in the appellate district where the agency maintains its headquarters or where a party resides or as otherwise provided by law. All proceedings shall be instituted by filing a notice of appeal ... in accordance with the Florida Rules of Appellate Procedure .... ”); § 409.2563(10)(a) (“The obligor has the
 
 *102
 
 right to seek judicial review of an administrative support order or a final order denying an administrative support order in accordance with s. 120.68.”);
 
 Dep’t of Rev. ex rel. Chevor v. Mahomed,
 
 996 So.2d 900, 901-02 (Fla. 5th DCA 2008).
 

 In administrative child support proceedings, the circuit court plays an important enforcement role because, unlike the Department, the circuit court can enforce administrative child support orders by using its contempt powers. § 409.2563(10)(b). Thus, the circuit court may enforce an administrative support order by adopting it as a court order and then using the court’s contempt powers:
 

 (b) An administrative support order rendered under this section has the same force and effect as a court order and may be enforced by any circuit court in the same manner as a support order issued by the court, except for contempt. If the circuit court issues its own order enforcing the administrative support order, the circuit court may enforce its own order by contempt....
 

 § 409.2563(10)(b). This statute further provides that the circuit court’s order adopting the final administrative order for the purposes of contempt, without any change to the support obligations, is called an enforcement order. An enforcement order is not a superseding order from the court and it does not divest the Department of jurisdiction to modify the support obligations. Id.
 

 A superseding order, as contemplated by section 409.2563(10)(c), is an order issued by a circuit court that changes the support obligations prospectively and which, from its date of rendition, thereafter governs:
 

 (c) A circuit court of this state, where venue is proper and the court has jurisdiction of the parties, may enter an order prospectively changing the support obligations established in an administrative support order, in which case the administrative support order is superseded and the court’s order shall govern future proceedings in the case. Any unpaid support owed under the superseded administrative support order may not be retroactively modified by the circuit court, except as provided by s. 61.14(l)(a), and remains enforceable by the department, by the obligee, or by the court. In all cases in which an administrative support order is superseded, the court shall determine the amount of any unpaid support owed under the administrative support order and shall include the amount as arrear-age in its superseding order.
 

 It is apparent that the circuit court erred in ruling in its June 13, 2008, order that the order rendered on July 25, 2007— the purported superseding order — was indeed a superseding order. The July 25, 2007, order did not prospectively change Hoover’s support obligation because the court ordered him to pay the exact amount already required under the final administrative support order, $395.68 per month, and Hoover concedes as much. Neither did the circuit court’s July 25, 2007, order determine the amount of unpaid support owed as arrearage; instead the order reserved ruling on that issue. Thus, according to the plain language of section 409.2563(10)(c), the circuit court’s July 25, 2007, order was not a superseding order. Rather, it was an enforcement order, which, as discussed above, does not divest the Department of jurisdiction to enter an administrative modification order. Although Hoover did file a motion with the circuit court requesting a superseding order and termination of the administrative proceedings in lieu of circuit court proceedings, that motion was not timely filed under section 409.2563(2)(f).
 

 
 *103
 
 In essence, the circuit court’s June 13, 2008, order, which vacated the August 17, 2007, modification order, was an order vacating or retroactively affecting an administrative child support order. The court did not have authority to do so.
 
 Mo-homed,
 
 996 So.2d at 902;
 
 Dep’t of Rev. ex rel. Chamberlain v. Manasala,
 
 982 So.2d 1257, 1259 (Fla. 1st DCA 2008). If Hoover objected to the modification order, he had the right to seek relief through the district court of appeal, but not through the circuit court.
 
 See
 
 § 120.68(2)(a); § 409.2563(10);
 
 Mohomed; Manasala.
 

 We reverse the order dated June 13, 2008, that voided the administrative modification of child support, and we reverse the order denying the Department’s motion to vacate that order.
 

 REVERSED.
 

 ORFINGER and TORPY, JJ., concur.
 

 [1]
 

 . The parent may also timely file an original action in circuit court pursuant to section 409.2563(4)(n) to end the administrative child support proceedings.