SAWAYA, J.
The Department of Revenue, on behalf of Ericka Garnto, appeals the Final Judgment on Petition for Enforcement of Administrative Support Order entered by the circuit court pursuant to the Department’s request for an order enforcing its Administrative Support Order.[1] The Department asserts that the court erred in including in its Final Judgment a provision stating that the Final Judgment supersedes the Administrative Support Order. We agree.
The Department obtained the Administrative Support Order requiring the father to pay child support of “$428.29 per month and retroactive support of $43.00 per month for a total monthly support obligation of $471.29. When the total retroactive obligation of $11,135.54 has been fully paid, the monthly obligation will be $428.29.” That order was not appealed. The Department subsequently filed its Petition for Enforcement of Administrative Support Order in the circuit court after the father failed to make the ordered payments. The hearing on the petition was held before a hearing officer, who agreed with the Department’s request that the enforcement order not supersede the administrative order. After the hearing concluded, the hearing officer issued a report, which was incorporated into the Final Judgment.
The report shows that the hearing officer, contrary to the intention expressed at the hearing, recommended that the Final Judgment supersede the Administrative Support Order. Other than that fact, the hearing officer recommended as the Department had requested, i.e., that the fa *604 ther be ordered to comply with the identical terms and provisions of the original Administrative Support Order. Therefore, pursuant to section 409.2563(10)(b), the Final Judgment did not supersede the Administrative Support Order. This statute provides:
(b) An administrative support order rendered under this section has the same force and effect as a court order and may be enforced by any circuit court in the same manner as a support order issued by the court, except for contempt. If the circuit court issues its own order enforcing the administrative support order, the circuit court may enforce its own order by contempt.... Enforcement by the court, without any change by the court in the support obligations established in the administrative support order, does not supersede the administrative support order or affect the department’s authority to modify the administrative support order as provided by subsection (12). An order by the court that requires a parent to make periodic payments on arrearages does not constitute a change in the support obligations established in the administrative support order and does not supersede the administrative order.
(Emphasis added). In Department of Revenue ex rel. Gauthier v. Hoover, 40 So.3d 99, 102 (Fla. 5th DCA 2010), this court explained that “[a] superseding order, as contemplated by section 409.2563(10)(c), is an order issued by a circuit court that changes the support obligations prospectively and which, from its date of rendition, thereafter governs....”[2]
We conclude that because the Final Judgment did not change any term of the support obligation contained in the Administrative Support Order, the Final Judgment is not a superseding order. Accordingly, we strike that part of the Final Judgment making it a superseding order. In all other respects, the Final Judgment is affirmed.
AFFIRMED as modified.
ORFINGER, C.J., and MONACO, J., concur.

. There is no appearance by the father.

. Section 409.2563(10)(c) defines when a circuit court order does supersede an administrative support order:
(c) A circuit court of this state, where venue is proper and the court has jurisdiction of the parties, may enter an order prospectively changing the support obligations established in an administrative support order, in which case the administrative support order is superseded and the court's order shall govern future proceedings in the case. Any unpaid support owed under the superseded administrative support order may not be retroactively modified by the circuit court, except as provided by s. 61.14(l)(a), and remains enforceable by the department, by the obligee, or by the court. In all cases in which an administrative support order is superseded, the court shall determine the amount of any unpaid support owed under the administrative support order and shall include the amount as arrearage in its superseding order.
(Emphasis added).