CLARK, J.
 

 The Department of Revenue (Department) appeals the circuit court’s order adopting the Child Support Hearing Officer’s Report and Recommendation as the Order of the court, which included a ruling granting Appellee’s Motion for Modification. The Department asserts that the circuit court entered the modification provisions without jurisdiction, in light of section 409.256, Florida Statutes. We disagree and affirm.
 

 Appellee’s child support obligations were originally established by the Department’s final administrative support order entered on May 28, 2008, via the process described in section 409.2568, Florida Statutes. The administrative order was entered without a hearing because Appellee failed to request one. The administrative support order required Appellee to pay current support and arrearages, for a monthly total of $438.63 beginning on June 15, 2008.
 

 The Department initiated enforcement proceedings in circuit court on August 24, 2009 by filing its Petition for Enforcement of Administrative Order. Appellee responded to the petition and requested a hearing. Both parents attended the hearing, along with counsel for the Department. Based on the hearing, the child support hearing officer submitted two reports and recommendations to the circuit judge and the court adopted each of these reports as orders of the court. The first order recognized the Department’s administrative child support order and adopted the $433.63 monthly child support obligation of the father. The second order referenced an
 
 ore terms
 
 motion by the parents during the hearing, requesting modification of the child support payment amount due to the current financial situation of each parent. In its second order, the trial court made factual findings regarding the parties’ incomes, prior support obligations, etc., and ordered that beginning October 1, 2010, the father’s monthly child support payment would total $237.00.
 

 The Department argues that the second order, which prospectively reduced the father’s total payments from $433.63 per month to $237.00 per month, was entered without jurisdiction. The Department relies on sections 409.2563(11) and (12), Florida Statutes, for its position that the Department has the sole authority to modify its administrative orders and a circuit court has no jurisdiction to do so. We find to the contrary. The provisions of section 409.2563 provide for a circuit court’s prospective modification of child support payments originally established by administrative support order.
 

 The introductory language in section 409.2563, Florida Statutes specifically describes the legislative intent of the statute:
 

 It is not the Legislature’s intent to limit the jurisdiction of the circuit courts to hear and determine issues regarding child support. This section is intended to provide the department with an alternative procedure for establishing child support obligations in Title IV-D cases in a fair and expeditious manner when there is no court order of support.
 

 § 409.2563(2)(a), Fla. Stat. In addition, section 409.2563(10)(c), Florida Statutes clearly recognizes the circuit court’s authority to issue an order prospectively changing the support obligation thusly:
 

 (c) A circuit court of this state, where venue is proper and the court has jurisdiction of the parties,
 
 may enter an order prospectively changing the support obligations established in an administrative support order, in which case the administrative support order is superseded and the court’s order shall govern future proceedings in the case
 
 ....
 

 
 *117
 
 § 409.2563(10)(c), Fla. Stat. (emphasis added). The portions of section 409.2563 relied upon by the Department each refer to superseding orders by the circuit court. § 409.2563(11) & (12), Fla. Stat.
 

 In
 
 Dept. of Revenue ex rel. Chamberlain v. Manasala,
 
 982 So.2d 1257, 1259 (Fla. 1st DCA 2008), this District Court of Appeal recognized that when read together, sections 120.68(2) and 409.2563(10), Florida Statutes “authorize the circuit court to supersede the entry of an administrative support order by entering only a prospective order modifying the child support award.” The order on appeal in this case is exactly that — a
 
 prospective
 
 order modifying Appellee’s child support payments from $433.63 per month to $237.00 per month. The court did not apply any modifications retrospectively or change the amount of arrearages previously recognized.
 

 Because Appellant has failed to establish that the circuit court’s order was entered without jurisdiction or in violation of any applicable statutes, the order on appeal is AFFIRMED.
 

 WOLF and THOMAS, JJ., concur.