NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DEPARTMENT OF REVENUE o/b/o )
JASON THOMAS LIENHART, )
                         )
         Appellant, )
                         )
v. )      Case No. 2D13-1752
                         )
KIMBERLY MARIE SECOR, )
                         )
         Appellee. )
_____ )

Opinion filed September 12, 2014.

Appeal from the Circuit Court for Pasco
County; Kimberly A. Campbell and
Patricia A. Muscarella, Judges.

Pamela Jo Bondi, Attorney General, and
William H. Branch, Assistant Attorney
General, Tallahassee, for Appellant.

No appearance for Appellee.


CASANUEVA, Judge.

         The Department of Revenue (the Department), on behalf of the custodial

father, Jason Thomas Lienhart, filed a motion in the circuit court to establish ongoing

and retroactive child support obligations of the noncustodial mother, Kimberly Marie

Secor, for the parties' two minor children. The circuit court denied the Department's

motion, finding that a prior administrative order on child support necessitated the filing of

a supplemental petition for modification in that administrative case. Because the circuit court possessed jurisdiction and should have considered the Department's motion to establish ongoing and retroactive child support obligations, we reverse for further proceedings under section 409.2563(10)(c), Florida Statutes (2012).

In 2010, the father filed a petition to determine paternity and for related relief in the circuit court after the parties' two children, who had been residing with the mother, began residing with the father. The father's petition to determine paternity was granted, and the court reserved jurisdiction on the issue of child support. Thereafter, the Department, on behalf of the father, filed a motion to establish ongoing and retroactive child support obligations of the noncustodial mother. At the hearing on the Department's motion, the father testified regarding employment and income, and a child support guidelines worksheet was admitted in evidence. The mother did not appear at the hearing.

In an order dated August 29, 2012, the circuit court denied the Department's motion, finding that the prior administrative order on child support necessitated the filing of a supplemental petition for modification in that administrative case.[1] The Department filed a motion to vacate the order, arguing that the prior administrative order on child support was from a separate administrative case, the support obligations imposed against the father in the administrative case had

---

[1]This issue was not raised or discussed at the hearing, nor was the court's ruling explained in the order beyond the following statement: "Petitioner was ordered to pay support to Respondent in 2005DR4174, thus necessitating the filing of a Supplemental Petition for Modification." However, we must assume that the circuit court determined it lacked jurisdiction to consider the Department's motion due to the existence of the prior administrative order on child support, requiring the Department to proceed administratively with a petition for modification.

terminated, and the circuit court had jurisdiction to order child support.  The motion to vacate was denied after a hearing.

The issue raised on appeal involves a question of law, which we review de novo.  Bakerman v. Bombay Co., 961 So. 2d 259, 261 (Fla. 2007).  Section 409.2563 provides an administrative "procedure for establishing child support obligations in Title IV-D cases in a fair and expeditious manner when there is no court order of support." § 409.2563(2)(a).  "An administrative support order rendered under [section 409.2563] has the same force and effect as a court order and remains in effect until modified by the [D]epartment, vacated on appeal, or superseded by a subsequent court order." § 409.2563(11).  However, "[i]t is not the Legislature's intent to limit the jurisdiction of the circuit courts to hear and determine issues regarding child support," § 409.2563(2)(a), and "[c]hild support obligations may also be determined by the circuit court," Dep't of Revenue ex rel. Gauthier v. Hoover, 40 So. 3d 99, 101 (Fla. 5th DCA 2010) (citing § 409.2563(2)(a)).

It is well established that a circuit court lacks jurisdiction to vacate or retroactively affect an administrative child support order entered pursuant to section 409.2563 administrative proceedings.  Dep't of Revenue ex rel. Chamberlain v. Manasala, 982 So. 2d 1257, 1259 (Fla. 1st DCA 2008); Dep't of Revenue ex rel. Chevor v. Mohomed, 996 So. 2d 900, 901-02 (Fla. 5th DCA 2008).  However, a circuit court does have the power to issue a superseding order changing support obligations prospectively.  Hoover, 40 So. 3d at 102; Manasala, 982 So. 2d at 1259.  Authority for this modification by a circuit court is found in section 409.2563(10)(c), which states:

> A circuit court of this state, where venue is proper and the
> court has jurisdiction of the parties, may enter an order

prospectively changing the support obligations established in an administrative support order, in which case the administrative support order is superseded and the court's order shall govern future proceedings in the case. Any unpaid support owed under the superseded administrative support order may not be retroactively modified by the circuit court, except as provided by s. 61.14(1)(a), and remains enforceable by the [D]epartment, by the obligee, or by the court. In all cases in which an administrative support order is superseded, the court shall determine the amount of any unpaid support owed under the administrative support order and shall include the amount as arrearage in its superseding order.

See Dep't of Revenue ex rel. Proveaue v. Williams, 74 So. 3d 115, 116 (Fla. 1st DCA 2011) ("The provisions of section 409.2563 provide for a circuit court's prospective modification of child support payments originally established by administrative support order.").

In the case on appeal, the Department's motion did not seek to retroactively alter the prior administrative child support order, which obligated the father to pay child support. The support obligations imposed on the father in the administrative proceeding had previously terminated pursuant to the terms of a "Final Administrative Order Suspending Support Obligations."[2] Although any arrearages the

---

[2]The order states, in part:

C. The support obligations suspended by this order shall remain suspended for up to one year, during which time they may be reinstated prospectively, after notice, if the [father] stops living with the children. If the support obligations are not reinstated during the one year period, then they will terminate without additional action by DOR.
D. DOR's file in this matter will be closed upon administrative termination of the support obligations, unless at such time there is outstanding past-due support owed. If past-due support is owed after one year from the date of this order, DOR's file in this matter will be closed upon satisfaction of the outstanding past-due amount.

- 4 -

father owed for support did not terminate pursuant to the terms of the administrative order, in the case of a superseded administrative order, any past-due support obligation will not be retroactively modified and will remain enforceable.  See § 409.2563(10)(c). Thus, though a prior administrative support order remains in effect pertaining to the arrearage amount the father owes, see § 409.2563(11), the circuit court had the authority to enter a subsequent court order establishing the mother's child support obligations, see § 409.2563(10)(c); Williams, 74 So. 3d at 116.

Because the relief requested by the Department falls within the circuit court's authority as provided in section 409.2563, the circuit court possessed jurisdiction to consider the Department's motion and should have treated the same as filed pursuant to section 409.2563(10)(c).  We reverse and remand for further proceedings.

Reversed and remanded.


NORTHCUTT and WALLACE, JJ., Concur.