BILBREY, J.
This is an appeal of a circuit court order which ratified a hearing officer’s recommendation that there was not jurisdiction in the circuit court to provide La’Chaun S. Faulk, appellant, the relief requested. Because we find that the circuit court did have subject matter jurisdiction to consider appellant’s request — poorly drafted though the request may have been — to the extent that it sought prospective modification of child support, we reverse in part.
On August 31, 2011, the Department of Revenue entered a Final Administrative Support Order pursuant to section 409.2563, Florida Statutes, which established a $429.99 child support obligation due from the appellant as well as a retroactive support obligation of $84.99 per month. On Fébruary 10, 2014, appellant filed, in the circuit court, a pleading titled, “Petition for Modification of Child Support and Request to Defer Child Support.” Appellant alleged in that pleading that he had been sentenced to 68 months’ imprisonment and requested the court defer his child support obligation until six months after his release from prison as well as hold his petition to modify child support in abeyance for six months after his release from prison.
The hearing officer’s recommendation, which was adopted by the circuit court, found that there was no jurisdiction for the circuit court to consider the appellant’s petition. The hearing officer explained in the order on appeal, “In order to seek relief, the Defendant must follow the administrative process as this Court lacks jurisdiction to grant the requested relief. The Defendant must first file a Petition for the Court to adopt the Administrative Order.” (Bold in original).
The issue of whether a trial court has subject matter jurisdiction is a question of law which we review de novo. Dep’t of Revenue ex rel. Smith v. Selles, 47 So.3d 916, 918 (Fla. 1st DCA 2010). Section 409.2563(10)(c), Florida Statutes, provides:
A circuit court of this state, where venue is proper and the court has jurisdiction of the parties, may enter an order prospectively changing the support obligations established in an administrative support order, in which case the administrative support order is superseded and the court’s order shall govern future proceedings in the case. Any unpaid support owed under the superseded administrative support order may not be retroactively modified by the circuit court, except as provided by s. 61.14(l)(a), and remains enforceable by the department, by the obligee, or by the court. In all cases in which an administrative support order is superseded, the court shall determine the amount of any unpaid support owed under the administrative support order and shall include the amount as arrear-age in its superseding order.
Further, various cases hold that a circuit court has jurisdiction to prospectively modify child support which was originally established by an administrative *536 support order. See Dep’t of Revenue ex rel. Proveaue v. Williams, 74 So.3d 115 (Fla. 1st DCA 2011); Dep’t of Revenue ex rel. Lienhart v. Secor, 146 So.3d 1250 (Fla. 2d DCA 2014). But a circuit court lacks jurisdiction to retroactively modify or amend a support order initially established as an administrative support order. See Dep’t of Revenue ex rel. Chamberlain v. Manasala, 982 So.2d 1257 (Fla. 1st DCA 2008).
The Department concedes there was no obligation for appellant, before seeking modification of the administrative support order, to first file a petition in the circuit court seeking to have the circuit court adopt the administrative order. However, the Department argues that portion of the circuit court order was harmless since the Department contends appellant was not seeking a prospective modification. A plain reading of appellant’s pro se pleading, though, does show that he was seeking a prospective modification. The title of the pleading notes that it is a petition for modification. The first paragraph of the pleading cites section 61.14(1), Florida Statutes, which discusses modification of child support and that such modification applies from the date of filing the petition, which is to say prospectively. Paragraph number five of the pleading requests modification of child support and requests that the issue of modification be held in abeyance until appellant’s release from prison, which, clearly speaks of prospective or future action. Paragraph number six of the pleading discusses a request for the court to make a determination of the amount of child support appellant can afford after release from prison, again seeking prospective action.
Section 409.2563(11), Florida Statutes, provides, “An administrative support order rendered under this section has the same force and effect as a court order and remains in effect until modified by the department, vacated on appeal, or superseded by a subsequent court order.” We read appellant’s pro se pleading seeking abatement and modification as a request for the court to enter a subsequent, superseding order. The circuit court has subject matter jurisdiction to consider this request. See also § 409.2563(2)(a), Fla. Stat.
Just because appellant has made these allegations does not mean that they are correct or well-taken. However that is not what is at issue here. “A court’s subject matter jurisdiction, or its power to hear a controversy, is generally tested by the good-faith allegations in the complaint and is not dependent upon the ultimate disposition of the lawsuit.” Seven Hills, Inc. v. Bentley, 848 So.2d 345, 350 (Fla. 1st DCA 2003), citing Calhoun v. N.H. Ins. Co., 354 So.2d 882, 883 (Fla.1978): Appellant has properly, if inartfully, invoked the subject matter jurisdiction of the circuit court in seeking to modify the administrative support order prospectively.
Therefore, we reverse the order of the circuit court to the extent that the order found that subject matter jurisdiction was lacking for a prospective modification and remand to the circuit court for further proceedings. To the extent that Appellant was seeking in the circuit court to retroactively modify his child support established in an administrative order, we agree that subject matter jurisdiction was lacking and affirm. See Manasala, 982 So.2d at 1259.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.
RAY and MAKAR, JJ., concur.