IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DEPARTMENT OF REVENUE,

     Appellant,

v.

SEAN MICHAEL WOLF AND
CHRISTINA LIAN
GUILLIAMS,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-3230

Opinion filed May 7, 2015.

An appeal from the Division of Administrative Hearings.
Elizabeth McArthur, Administrative Law Judge.

Pamela Jo Bondi, Attorney General and Toni C. Bernstein, Senior Assistant
Attorney General, Tallahassee, for Appellant.

No appearance, for Appellee.

MAKAR, J.,

     The issue in this case is whether an administrative law judge ("ALJ") is

statutorily authorized to modify an administrative order of child support retroactive

to the date of service of the pleadings requesting modification. We hold that she is.

## I.

The Department of Revenue initiated the underlying proceedings to establish the support obligation for the child born of the parents, Sean Michael Wolf and Christina Lian Guilliams. A final administrative support order was entered on July 30, 2013, part of which was an obligation that Wolf pay for "past (retroactive) child support" that accrued during the time period, prior to the initial filing of the petition, when Wolf did not reside with the child.

Thereafter, the Department brought modification proceedings, serving Wolf on March 28, 2014. After Wolf failed to appear at an administrative hearing he requested, the Department requested the support modification be retroactive to April 1, 2014, which was the approximate date upon which he was served with modification pleadings. The Department argued that such modifications, whether done by a circuit judge or an administrative court, are governed by sections 409.2563 and 61.14, Florida Statutes, which—when read together—contemplate such awards. The ALJ ruled, however, that she could not enter the requested modification order because her statutory authority only allowed for prospective modifications of administrative support orders. The Department now appeals.

## II.

The issue presented is whether an ALJ has the authority to retroactively modify an existing administrative child support order, one that has not been

superseded by a subsequent circuit court order. The correctness of the ALJ's conclusion that she lacked this statutory authority is a purely legal question of statutory interpretation that we review de novo. See Fla. Dep't of Envtl. Prot. v. ContractPoint Fla. Parks, LLC, 986 So. 2d 1260 (Fla. 2008). Preliminarily, we note that language in the administrative modification statute at issue, and discussed in more detail below, says "prospective" modifications are permitted, but it also says that an administrative law judge's authority is "subject to the requirements for modifications of judicial support orders established in chapters 61 and 409," which can be read to allow for retroactive modifications (as can done by a circuit court when modifying its own orders). Based on our analysis, the most natural reading of the entire statutory framework is that the Legislature intended that ALJs have the same degree of authority that circuit judges have when retroactively modifying their own support orders.

We turn first to section 409.2563, entitled "Administrative establishment of child support obligations," which establishes the basis for the administrative determination of child support obligations, which previously had been the province of the circuit courts.[1] It was "not the Legislature's intent to limit the jurisdiction of

---

[1] In 1974, the United States Congress passed the Family Support Act, requiring each state to design and administer a child-support enforcement program. (Title IV-D). 42 U.S.C. § 651-65 (1974). Florida implemented IV-D participation by, *inter alia*, creating an administrative law structure for determining when child support should be enforced against an absent parent of a child receiving public

the circuit courts to hear and determine issues regarding child support," id. § (2)(a), as section 409.256 gives the Department concurrent jurisdiction with the circuit courts to determine paternity-related child support orders. Instead, section 409.2563 "is intended to provide the department with an alternative procedure for establishing child support obligations . . . in a fair and expeditious manner when there is no court order of support." Id. By establishing this administrative process, ALJs are empowered to "make findings of fact that are necessary for a proper determination of a parent's support obligation as authorized by this section." Id. § 409.2563(2)(b).  In this regard, the Department:

> [M]ay establish a parent's child support obligation pursuant to this section, s. 61.30, and other relevant provisions of state law. The parent's obligation determined by the department may include any obligation to pay *retroactive support* and any obligation to provide for health care for a child, whether through insurance coverage, reimbursement of expenses, or both.

Id. § 409.2563(2)(c) (emphasis added). "Retroactive support" is defined as "a child support obligation established pursuant to s. 61.30(17)." Id. § 409.2563(1)(g). And an "administrative support order" is a "final order rendered by or on behalf of the department pursuant to this section establishing or modifying the obligation of a parent to contribute to the support and maintenance of his or her child or children,

---

assistance services. § 409.2554, Fla. Stat. (defining "public assistance" to mean monetary assistance paid on the basis of Title IV-E and Title XIX of the Social Security Act, temporary cash assistance, or food assistance benefits received on behalf of a child under 18 years old who has an absent parent.

which may include provisions for monetary support, *retroactive support*, health care, and other elements of support pursuant to chapter 61." Id. § 409.2563(1)(a) (emphasis added); see also id. § 409.2563(7)(e)(5) (administrative support order "must comply with ss. 61.13(1) and 61.30" and "provide and state findings, if applicable, concerning: . . . Any obligation to pay *retroactive support*.") (emphasis added).

The first point to be made is that an initial administrative support order may include a component for retroactive support. Given that an administrative support order may include retroactive support, the next question—and the one presented here—is whether an administrative modification of such an order may be retroactive to the date of the service of the modification request. At this juncture, we run squarely into potentially conflicting language in sections 409.2563 and 61.14. Section 409.2563(12) states:

> **(12) Modification of administrative support order.--If** it has not been superseded by a subsequent court order, the department may modify, suspend, or terminate an administrative support order in a Title IV-D case **prospectively**, *subject to the requirements for modifications of judicial support orders established in chapters 61 and 409, by following the same procedures set forth in this section for establishing an administrative support order, as applicable*.

§ 409.2563(12), Fla. Stat. (2013) (emphases added). At first blush, the word "prospectively" seems to create a roadblock to a retroactive change to an existing administrative support order. But this subsection goes on to say that the

modification, suspension or termination of an administrative support order is subject to "the requirements for modifications" in Chapters 61 and 409, as may be "applicable." The Department points to section 61.14, entitled "Enforcement and modification of support, maintenance, or alimony agreements or orders," which provides, in pertinent part:

> (1)(a) [W]hen a party is required by court order to make any payments, and the circumstances or the financial ability of either party changes . . ., either party may apply to the circuit court . . . [which] has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties or the child, decreasing, increasing, or confirming the amount of separate support, maintenance, or alimony provided for in the agreement or order. . . . Except as otherwise provided in s. 61.30(11)(c),[2] *the court may modify an order of support, maintenance, or alimony by increasing or decreasing the support, maintenance, or alimony* **retroactively to the date of the filing of the action or supplemental action for modification as equity requires**, *giving due regard to the changed circumstances or the financial ability of the parties or the child.*

§ 61.14(1)(a), Fla. Stat. (emphasis added). The highlighted language—if imputed into section 409.2563(12) as that section seems to suggest—allows administrative modification of an administrative support order "retroactively to the date of the filing of the action or supplemental action for modification." In other words, an administrative court can modify an administrative support order retroactively in the

---

[2] Section 61.30(11)(c), is inapplicable because it relates to modifications arising from a "parent's failure" to abide by time-sharing responsibilities, which are "retroactive to the date the noncustodial parent first failed to regularly exercise the court-ordered or agreed time-sharing schedule." § 61.30(11)(c), Fla. Stat. In cases like the present one, subsection 61.14(1)(a) allows modifications to potentially extend back further in time than section 61.30(11)(c) would permit.

same way that a judicial court can.

But for the word "prospectively" in subsection 409.2563(12), the two statutory frameworks—61.14(1)(a) and 409.2563(12)—would dovetail in a seamless and unified way. We are left, therefore, to attempt to harmonize them in a way to preserves legislative intent, which we conclude can be done. First, it is evident that the Legislature intended for the administrative modification of administrative support orders be guided by the statutory principles set forth in chapters 61 and 409. Under these enactments, the administrative tribunal is an alternative to the judicial forum, presumably as a more accessible and cost-efficient intermediary, unless a civil action is instituted in a circuit court, whose subsequent support order "*prospectively* supersedes an administrative support order rendered by the department." Id. § 409.2563(2)(d) (emphasis added). Absent circuit court intervention, an "administrative support order rendered under this section has the same force and effect as a court order and may be enforced by any circuit court in the same manner as a support order issued by the court, except for contempt." Id. § 409.2563(10)(b). Stated differently, the administrative forum is a co-equal adjudicator of child support disputes with circuit courts, which are available to intervene when deemed warranted by parents, caregivers, or necessary parties.[3]

_____

[3] A parent or caregiver "may at any time file a civil action in a circuit court having

Unlike section 61.14, as previously discussed, section 409.2563(10)(c) says that circuit courts are without authority to retroactively modify administrative support orders, allowing a circuit court to only "enter an order *prospectively* changing the support obligations established in an administrative support order, in which case the administrative support order is superseded and the court's order shall govern future proceedings in the case." Id. § 409.2563(10)(c) (emphasis added). In a similar vein, "[a]ny unpaid support owed under the superseded administrative support order *may not be retroactively modified* by the circuit court, except as provided by s. 61.14(1)(a), and remains enforceable by the department, by the obligee, or by the court." Id. (emphasis added). These statutory restrictions reflect that the Legislature has insulated administrative support orders from retroactive modification by circuit courts, thereby defaulting to administrative tribunals to handle such matters exclusively. See Dep't of Rev. ex rel. Chamberlain v. Manasala, 982 So. 2d 1257, 1259 (Fla 1st DCA 2008) (circuit court is authorized to "supersede the entry of an administrative support order by entering only a prospective order modifying the child support award," but cannot "enter an order expressly vacating, or retroactively affecting, the administrative support order"); see also Dep't of Rev. ex rel. Lienhar v. Secor, 146 So. 3d 1250, 1252

---

jurisdiction and proper venue to determine parental support obligations, if any. A support order issued by a circuit court prospectively supersedes an administrative support order rendered by the department." Id. § 409.2563(2)(d).

8

(Fla. 2d DCA 2014) ("It is well established that a circuit court lacks jurisdiction to vacate or retroactively affect an administrative child support order entered pursuant to section 409.2563 administrative proceedings. However, a circuit court does have the power to issue a superseding order changing support obligations prospectively.").

Because circuit courts may not retroactively modify administrative support orders, and in light of the Department's authority to administratively establish and modify child support obligations as an alternative to proceedings in circuit court, it seems incongruous to interpret the word "prospectively" in section 409.2563(12) as totally nullifying any administrative modification of administrative support orders. If such orders cannot be modified administratively in the same way that a circuit court can do to its own orders under section 61.14(1)(a), it necessarily follows that they could never be modified retroactively, no matter how important to the children and families involved. But that would be the result if the word "prospectively" is read literally, and in isolation from other portions of chapters 61 and 409. Can it be that the Legislature's statutory regime was intended to prevent *any* retroactive modifications to administrative support orders, no matter how critical a modification might be to the well-being of affected children? We think not. The better view, and one that harmonizes the potential conflict, is that the word "prospectively" is intended to be a default position, i.e., that administrative

9

modifications to administrative support orders are to be prospective in nature, *unless* some provision of section 61.14(1)(a) is established, such as the one the Department relies upon here. This view avoids an interpretation of the statutes that would be nonsensical. <u>Fletcher v. Fletcher</u>, 573 So. 2d 941, 943 (Fla. 1st DCA 1991) ("where legislative language is susceptible to more than one interpretation, the interpretation which avoids an unreasonable result should be preferred."). It also avoids the anomalous result that a circuit court—pursuant to section 61.14(a)—can retroactively modify its own support orders, but an administrative court—relying upon the same statutory authority—cannot. Given the Legislature's purpose of providing for a "fair and expeditious manner" for establishing child support obligations in the administrative forum, it would create a fissure in the fabric of the statutory structure to conclude that the Legislature's use of the word "prospectively" was meant to make it impossible for *any* tribunal to make retroactive modifications to administrative support orders.

In construing the statute as we do, we necessarily decline to accept the argument that the term, "as applicable," referenced in section 409.2563(12), was meant to limit section 61.14(1)(a)'s grant of authority to retroactively modify support obligations. We agree with the Department's position that this phrase must be read as referring to the immediately preceding words, "by following the same procedures set forth in this section for establishing an administrative support

10

order." § 409.2563(12); <u>see</u> <u>City of St. Petersburg v. Nasworthy</u>, 751 So. 2d 772, 774 (Fla. 1st DCA 2000) ("'[D]octrine of the last antecedent' [ ] provides that relative and qualifying words, phrases and clauses are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to, or including, others more remote.").

REVERSED and REMANDED.

WETHERELL and ROWE, JJ., CONCUR.