DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANTHONY GERMAN,**
Appellant,

v.

**STATE OF FLORIDA DEPARTMENT OF REVENUE** and **ALICIA MARIE SAUNDERS,**
Appellees.

No. 4D14-4080

[ October 21, 2015 ]

Appeal from the State of Florida, Department of Revenue; L.T. Case No. 50140700180CA and CSE No. 2000508691.

Darren K. Edwards, Fort Lauderdale, for appellant.

Pamela Jo Bondi, Attorney General, and Toni C. Bernstein, Senior Assistant Attorney General, Tallahassee, for Appellee Department of Revenue.

PER CURIAM.

The father, Anthony German, appeals a Final Administrative Support Order rendered by the Department of Revenue. Because appellant failed to timely opt out of the administrative process, the Department of Revenue correctly rendered the Final Administrative Support Order and Income Deduction Order. Section 409.2563(2)(f), Florida Statutes (2013), requires that a written request to opt out of the administrative process be filed within 20 days of receipt of the initial notice of proceedings to establish an administrative support order. Appellant filed his request 71 days after receipt of the notice.

As to appellant's claim that he was denied due process of law because he was unable to connect telephonically into the administrative hearing and appear at the hearing, we affirm because appellant asserts this position for the first time on appeal, and there is nothing in the record to support this assertion. However, we affirm on this issue without prejudice to his right to file a motion to vacate and seek an evidentiary hearing on this matter. *See W.T. Holding, Inc. v. State Agency for Health Care Admin.,*

682 So. 2d 1224, 1225 (Fla. 4th DCA 1996) (holding that, in circumstances involving a due process violation, the administrative agency has the authority to reissue a final order despite the lack of a specific grant of such authority in chapter 120); *Sclease v. Constr. Indus. Licensing Bd.*, 881 So. 2d 98, 98 (Fla. 1st DCA 2004) (recognizing that "an agency has authority to vacate and reenter otherwise final orders in order to avoid due process problems").

As to appellant's final argument, we affirm without further comment.

*Affirmed.*

STEVENSON, GROSS and TAYLOR, JJ., concur.

*　　*　　*

***Not final until disposition of timely filed motion for rehearing.***