NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


DONALD J. WALKER, JR.,                    )
                                          )
              Appellant,                  )
                                          )
v.                                        )          Case No. 2D14-5015
                                          )
DEPARTMENT OF REVENUE, CHILD              )
SUPPORT ENFORCEMENT PROGRAM,              )
                                          )
              Appellee.                   )
                                          )
_____    )

Opinion filed February 24, 2016.

Appeal from the Department of Revenue.

Rosemary Shackelford, Clearwater, for
Appellant.

Pamela Jo Bondi, Attorney General, and
Toni C. Bernstein, Senior Assistant Attorney
General, Tallahassee, for Appellee.


PER CURIAM.

          The father, Donald J. Walker, Jr., appeals a Final Administrative Support

Order rendered by the Department of Revenue.  On appeal, Mr. Walker argues that he

did not receive "proper" notice of the proceeding to establish the administrative support

order.  He claims that the person who signed the certified mail return receipt card was

not him, but his brother, "Duntae Walker."

Mr. Walker makes his claim about the asserted lack of "proper" notice for the first time on appeal, and there is no support for it in the record. Accordingly, we must affirm the order under review. "In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved." Sunset Harbour Condo. Ass'n v. Robbins, 914 So. 2d 925, 928 (Fla. 2005) (quoting Tillman v. State, 471 So. 2d 32, 35 (Fla. 1985)); see also Aills v. Boemi, 29 So. 3d 1105, 1108-09 (Fla. 2010) (stating the requirements for proper preservation of error for appellate review).

Nevertheless, we give Mr. Walker the benefit of the doubt and assume that what he means to say and asserts for the first time here is that he did not receive notice at all, which implies a denial of due process. For this reason, our affirmance is without prejudice to Mr. Walker's ability to file a motion in the lower tribunal to vacate the final order and to seek an evidentiary hearing on his claim that he did not receive notice. See German v. Dep't of Revenue, 177 So. 3d 318, 318 (Fla. 4th DCA 2015).

Affirmed.

VILLANTI, C.J., and WALLACE and LUCAS, JJ., Concur.