DEPARTMENT OF REVENUE AND MARK COLE CRUICKSHANK,

      Appellants,

v.

LAURA BETH GRACZYK,

      Appellee.

_____/

IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-2102

Opinion filed December 12, 2016.

An appeal from an order of the Division of Administrative Hearings.
J.D. Parrish, Administrative Law Judge.

Pamela Jo Bondi, Attorney General, Toni C. Bernstein, Senior Assistant Attorney General, Tallahassee, for Appellants.

Richard L. Trionfo of Richard L. Trionfo, P.A., Brandon, for Appellee.

LEWIS, J.

      Appellants, the Department of Revenue ("DOR") and Mark Cole Cruickshank, appeal a final order entered by an Administrative Law Judge ("ALJ"), arguing that the ALJ erred by determining that the Division of Administrative

Hearings ("DOAH") lacked subject matter jurisdiction to establish the child support obligation of Laura Beth Graczyk ("Appellee") because DOAH had jurisdiction pursuant to section 409.2563, Florida Statutes (2015). For the foregoing reasons, we agree with Appellants and, therefore, reverse and remand.

## *Background*

DOR initiated the underlying administrative proceeding on behalf of Appellant Cruickshank to establish Appellee's child support obligation by serving Appellee with its Notice of Proceeding to Establish Administrative Support Order. Appellee contested DOR's proposed administrative support order and requested a hearing on the matter. At the hearing, Appellee's counsel informed the ALJ that child support was at issue in a paternity and dependency case the parents had pending in the circuit court and that the circuit court case was filed in 2013, conceded that Appellee did not opt out of the administrative action, and requested that the administrative action be either consolidated with the circuit court case or dismissed. DOR argued that it could proceed administratively to establish child support because the circuit court had not entered a support order and Appellee did not opt out of the administrative action.

In the final order, the ALJ determined that Appellee has a legal duty and the ability to contribute to the child's support and that the child needs support. Notice of DOR's intent to initiate child support proceedings was served on Appellee on

2

January 12, 2016, and she did not timely opt out of the administrative case or notify DOR that a circuit court case was then pending to resolve issues of child custody, timesharing, and child support. The circuit court case involving the parents was originally filed in 2013, and they have participated in a dependency case and a paternity action, neither of which has been resolved. The circuit court has not provided for temporary child support. However, the ALJ denied DOR's request to establish Appellee's child support obligation upon concluding that DOAH does not have jurisdiction to enter a child support order when an action addressing support in the circuit court predates the initial notice of the administrative action. This appeal followed.

*Analysis*

The issue presented is whether DOR, and by association DOAH, has subject matter jurisdiction to establish child support obligations when a circuit court action involving child support predates the administrative action and is still pending, but no order of support has been entered. This is an issue of first impression.

The issue of whether a lower tribunal has subject matter jurisdiction is a question of law subject to *de novo* review. Faulk v. State, Dep't of Revenue, 157 So. 3d 534, 535-36 (Fla. 1st DCA 2015). Likewise, an issue involving a question of statutory interpretation is reviewed *de novo*. Fortune v. Gulf Coast Tree Care Inc., 148 So. 3d 827, 828 (Fla. 1st DCA 2014). "The polestar of a statutory construction

3

analysis is legislative intent." W. Fla. Reg'l Med. Ctr., Inc. v. See, 79 So. 3d 1, 8-9 (Fla. 2012). As the Florida Supreme Court has explained:

> To discern legislative intent, this Court looks first to the plain and obvious meaning of the statute's text, which a court may discern from a dictionary. If that language is clear and unambiguous and conveys a clear and definite meaning, this Court will apply that unequivocal meaning and not resort to the rules of statutory interpretation and construction. If, however, an ambiguity exists, this Court should look to the rules of statutory construction to help interpret legislative intent, which may include the examination of a statute's legislative history and the purpose behind its enactment.

Id. (internal citations omitted).

An agency's interpretation of a statute that it is charged with administering is generally entitled to greater deference and will be upheld unless clearly erroneous. Kale v. Dep't of Health, 175 So. 3d 815, 817 (Fla. 1st DCA 2015). "An administrative agency has only such power as granted by the Legislature and may not expand its own jurisdiction." Dep't of Revenue ex rel. Smith v. Selles, 47 So. 3d 916, 918 (Fla. 1st DCA 2010) (citation omitted). DOR "is designated as the state agency responsible for the administration of the child support enforcement program, Title IV-D of the Social Security Act, 42 U.S.C. ss. 651 et seq." § 409.2557(1), Fla. Stat. (2015). "The department . . . shall have the authority to take actions necessary to carry out the public policy of ensuring that children are maintained from the resources of their parents to the extent possible." § 409.2557(2), Fla. Stat. "The department's authority shall include, but not be limited to, the establishment of

4

paternity or support obligations, as well as the modification, enforcement, and collection of support obligations." Id.

Section 409.2563, Florida Statutes (2015), governs the administrative establishment of child support obligations and provides in pertinent part:

**(2) Purpose and scope.—**

(a) It is not the Legislature's intent to limit the jurisdiction of the circuit courts to hear and determine issues regarding child support. This section is intended to provide the department with an alternative procedure for establishing child support obligations in Title IV-D cases in a fair and expeditious manner when there is no court order of support. The procedures in this section are effective throughout the state and shall be implemented statewide.

(b) The administrative procedure set forth in this section concerns only the establishment of child support obligations. This section does not grant jurisdiction to the department or the Division of Administrative Hearings to hear or determine issues of dissolution of marriage, separation, alimony or spousal support, termination of parental rights, dependency, disputed paternity, except for a determination of paternity as provided in s. 409.256, or award of or change of time-sharing. This paragraph notwithstanding, the department and the Division of Administrative Hearings may make findings of fact that are necessary for a proper determination of a parent's support obligation as authorized by this section.

(c) If there is no support order for a child in a Title IV-D case whose paternity has been established or is presumed by law, or whose paternity is the subject of a proceeding under s. 409.256, the department may establish a parent's child support obligation pursuant to this section, s. 61.30, and other relevant provisions of state law. The parent's obligation determined by the department may include any obligation to pay retroactive support and any obligation to provide for health care for a child, whether through insurance coverage, reimbursement of expenses, or both. . . .

5

(d) Either parent, or a caregiver if applicable, may at any time file a civil action in a circuit court having jurisdiction and proper venue to determine parental support obligations, if any. A support order issued by a circuit court prospectively supersedes an administrative support order rendered by the department.

. . . .

(f) The department shall terminate the administrative proceeding and file an action in circuit court to determine support if within 20 days after receipt of the initial notice the parent from whom support is being sought requests in writing that the department proceed in circuit court or states in writing his or her intention to address issues concerning time-sharing or rights to parental contact in court and if within 10 days after receipt of the department's petition and waiver of service the parent from whom support is being sought signs and returns the waiver of service form to the department.

(Emphasis added); see also § 409.256(2)(f), Fla. Stat. (2015) ("The Legislature does not intend to limit the jurisdiction of the circuit courts to hear and determine issues regarding establishment of paternity. This section is intended to provide the department with an alternative procedure for establishing paternity and child support obligations in Title IV-D cases. This section does not prohibit a person who has standing from filing a civil action in circuit court for a determination of paternity or of child support obligations.").

Section 409.2563 confers concurrent jurisdiction on DOR/DOAH to establish child support obligations when there is no court order of support. See § 409.2563(2)(a), (c), Fla. Stat. As such, the plain language of the statute indicates that DOAH has jurisdiction so long as there is no court order of child support, not

6

so long as a case involving child support is not pending in the circuit court (or, as the ALJ concluded, a circuit court case involving child support does not predate the initial notice of the administrative action). Had the Legislature intended to terminate DOAH's jurisdiction upon the filing of a circuit court action relating to child support, it could have said so. See State v. Chubbuck, 141 So. 3d 1163, 1171 (Fla. 2014) ("Had the Legislature intended to require unavailability of specialized treatment in the DOC as an element of subsection 921.0026(2)(d), it could have said so.").

Our reading of the statute furthers the stated legislative intent behind the statute, which is not to limit the circuit court's jurisdiction, but to provide DOR with an alternative procedure for establishing child support obligations in a fair and expeditious manner. See § 409.2563(2)(a), Fla. Stat. The statute clearly provides that the circuit court retains jurisdiction and may hear a child support matter at any time, and its support order prospectively supersedes an administrative support order. See § 409.2563(2)(d), (4)(*l*), (10)(c), (11), Fla. Stat.; see also Faulk, 157 So. 3d at 535 ("[V]arious cases hold that a circuit court has jurisdiction to prospectively modify child support which was originally established by an administrative support order. But a circuit court lacks jurisdiction to retroactively modify or amend a support order initially established as an administrative support order." (Internal citations omitted)). Although the circuit court action in this case has been pending for three years, no child support order has been entered. Additionally, here, DOR's

obligation to terminate the administrative action was not triggered pursuant to the opt-out provision of the statute. See § 409.2563(2)(f), (4)(m)-(n), Fla. Stat.; see also German v. State Dep't of Revenue, 177 So. 3d 318, 318 (Fla. 4th DCA 2015) ("Section 409.2563(2)(f) . . . requires that a written request to opt out of the administrative process be filed within 20 days of receipt of the initial notice of proceedings to establish an administrative support order.").

Lastly, we note that if the Legislature did not intend the result mandated by the statute's plain language, it is free to amend the statute. See Atlantis at Perdido Ass'n, Inc. v. Warner, 932 So. 2d 1206, 1212-13 (Fla. 1st DCA 2006) ("[T]his court is without power to construe an unambiguous statute in a way which would extend, modify, or limit its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power. It is a settled rule of statutory construction that unambiguous language is not subject to judicial construction, however wise it may seem to alter the plain language. . . . We trust that if the legislature did not intend the result mandated by the statute's plain language, the legislature itself will amend the statute at the next opportunity." (Internal citations omitted)).

*Conclusion*

Therefore, we hold that DOAH had subject matter jurisdiction to establish Appellee's child support obligation and erred by concluding otherwise. Accordingly, we REVERSE and REMAND for further proceedings.

ROWE and KELSEY, JJ., CONCUR.