# Third District Court of Appeal

## State of Florida

Opinion filed November 29, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1036
Lower Tribunal No. 21-1244
_____

**The State of Florida,**
Appellant,

vs.

**In re: Marlaine Delva and Louicito Delva,**
Appellees.

An appeal from the Circuit Court for Miami-Dade County, Ivonne Cuesta, Judge.

Ashley Moody, Attorney General, and Toni C. Bernstein, Senior Assistant Attorney General (Tallahassee), for appellant.

No appearance, for appellees.

Before EMAS, SCALES, and MILLER, JJ.

MILLER, J.

Appellant, the State of Florida, challenges a circuit court order quashing a final administrative support order rendered by the Florida Department of Revenue pursuant to section 409.2563, Florida Statutes (2023). The administrative order obligated the father to pay monthly child support to the mother for the benefit of their three children. It is axiomatic that the circuit court is authorized to prospectively modify child support administrative child support obligations. § 409.2563(10)(c), Fla. Stat. It is equally well-settled, however, that the "circuit court lacks jurisdiction to vacate or retroactively affect an administrative child support order." Dep't of Revenue ex rel. Lienhart v. Secor, 146 So. 3d 1250, 1252 (Fla. 2d DCA 2014); see also § 409.2563(10)(c), Fla. Stat. ("Any unpaid support owed under the . . . administrative support order may not be retroactively modified by the circuit court . . . ."); Dep't of Revenue ex rel. Chevor v. Mohomed, 996 So. 2d 900, 902 (Fla. 5th DCA 2008) ("[T]he trial court lacked the legal authority to vacate the instant final administrative child support order."); Dep't of Revenue ex rel. Chamberlain v. Manasala, 982 So.2d 1257, 1259–60 (Fla. 1st DCA 2008) (reversing circuit court's order vacating final administrative support order). Here, in quashing the administrative order rather than entering a superseding order directed at prospective duties, the trial court

2

effectively nullified the father's unpaid support obligation. Accordingly, we are constrained to reverse and remand for further proceedings.

Reversed and remanded.