PER CURIAM.
The Department of Revenue, acting on behalf of Florence L. Moneyham, appeals a final administrative order determining the child support obligations of Virgil K. Moneyham, appellee. We agree with the Department that the findings in the order *1049 of the Administrative Law Judge (ALJ) determining both current and retroactive child support are not supported by evidence in the record and violate provisions of section 61.30, Florida Statutes (2005). Accordingly, we reverse and remand for further proceedings.
On remand, the ALJ shall prepare a child support guidelines worksheet after determining appellee’s gross income in accordance with section 61.30(2)(a), Florida Statutes (2004), and the allowable deductions pursuant to section 61.30(3), in order to arrive at appellee’s net income for purposes of the guidelines schedule. See § 61.30(6). While the ALJ is allowed to adjust child support based upon the considerations set forth in section 61.30(ll)(a), if such adjustments are made, the ALJ shall set forth findings explaining the use of these considerations. See § 61.30(l)(a) (“The trier of fact may order payment of child support in an amount which varies more than 5 percent from such guideline amount only upon a written finding explaining why ordering payment of such guideline amount would be unjust or inappropriate.”). Further, while the ALJ may adjust the child support arrearage pursuant to section 61.30(17)(b), the ALJ can do so only after finding that the “actual payments made by the noncustodial parent” were “for the benefit of the child.” See, e.g., Ondrejack v. Ondrejack, 839 So.2d 867, 871-72 (Fla. 4th DCA 2003)(holding fact-finder required to make specific findings of fact in applying section 61.30, which provides the statutory formula used to determine child support obligation). On remand, the ALJ is ordered “to determine the parties’ current financial situation and recalculate their child support obligations on a worksheet using current financial information and applying the child support guidelines.” Long v. Long, 916 So.2d 823, 824 (Fla. 2d DCA 2005).
REVERSED and REMANDED for further proceedings consistent with this opinion.
KAHN, C.J.; ERVIN, and VAN NORTWICK, JJ„ concur.