SUAREZ, J.
 

 Giovanni Macias appeals a Final Administrative Support Order for child support. Macias raises two issues on appeal. First, he requests that this Court modify the Final Administrative Support Order and, second, he requests that we reverse the Order as he claims the administrative law judge did not take into consideration his child support and care expenses. We affirm.
 

 The mother, Sujei Garcia, initiated the administrative process regarding Macias’s child support obligation pursuant to section 409.2563, Florida Statutes (2008). Macias received the proposed administrative support order and requested an administrative hearing, which took place on November 20, 2008. The administrative law judge issued a final order the same day. The record of issues and evidence presented at the hearing are not available as there are no transcripts.
 

 Macias first claims on appeal that his income has decreased substantially since the Final Administrative Support Order was entered. As a result, he seeks to have this Court modify the Order and reduce his child support payments. We deny his request as this issue arose after the Final Administrative Support Order was issued. Pursuant to section 409.2563(12), Florida Statutes (2008), he cannot seek modification of a Final Administrative Support Order on appeal by presenting facts that were not initially presented to the administrative law judge.
 

 Macias next claims that the administrative law judge did not take into consideration his child support and care expenses. The administrative law judge’s decision has the presumption of correctness in appellate proceedings and the burden is on the appellant to demonstrate error. Macias has failed to provide transcripts of the administrative proceedings, which this Court must have in order to determine whether the administrative law judge abused his discretion. Therefore, we affirm as Macias cannot demonstrate error. See
 
 Applegate v. Barnett Bank of Tallahassee,
 
 377 So.2d 1150 (Fla.1979).
 

 Affirmed.