WALLACE, Judge.
 

 Tyrone Salters appeals a final administrative support order and an income deduction order entered by the Department of Revenue, Child Support Enforcement Program (the Department). The orders were entered with respect to Mr. Salters’ two minor children. The Department requested financial information from Mr. Salters and provided him with two notices advising him of his right to participate and to request a hearing. But Mr. Salters failed to provide the requested information or to participate in the proceedings below, thus waiving or failing to preserve a number of the arguments he now raises on
 
 *778
 
 appeal.
 
 [1]
 
 For this reason, we affirm with respect to all of Mr. Salters’ arguments on appeal, save one.
 
 [2]
 
 Because the Department disregarded information in its files and calculated Mr. Salters’ retroactive child support obligation using an incorrect income amount for the periods of July to December 2005 and January to December 2006, we reverse and remand for recalculation of retroactive child support and for any necessary adjustments to Mr. Salters’ monthly contribution to that arrearage and to the income deduction order.
 
 [3]
 

 When calculating Mr. Salters’ retroactive child support obligation, the Department used a monthly income figure of $4415.18 for the period of July 2005 to August 2008. This figure is based upon information the Department had concerning Mr. Salters’ income from the City of Largo and JMA Enterprises during the last three quarters of 2007 and the first quarter of 2008.
 

 In calculating Mr. Salters’ monthly income for the periods of July to December 2005 and January to December 2006, the Department did not consider the information it had in its possession concerning Mr. Salters’ income from the City of Largo before 2007. The information in the Department’s file reflects that his rate of pay with the City of Largo increased sometime after January 2006. In addition, the Department had available Mr. Salters’ actual monthly income from the City of Largo for the period of July to December 2005 and his actual quarterly income for the last three quarters of 2006. The Department should have used that information (together with the information it had from JMA Enterprises) to calculate retroactive child support for the periods of July to December 2005 and January to December 2006. Although Mr. Salters failed to participate below or to provide any information to the Department concerning his income, the Department ought not to ignore the information in its own files.
 
 Cf.
 
 § 61.30(17)(a), Fla. Stat. (2005) (“Failure of the obligor to ... demonstrate [his actual income] shall result in the court using the obligor’s income at the time of the hearing in computing child support for the retroactive period.”).
 

 Because we find no error with respect to the Department’s determination of Mr. Salters’ current support obligation, we affirm the final administrative support order to that extent. We reverse the order with respect to the calculation of Mr. Salters’ retroactive support obligation and remand for the Department to recalculate his retroactive child support for the periods of July to December 2005 and January to December 2006, using the information it
 
 *779
 
 has with respect to his actual income from the City of Largo during those periods. After recalculating Mr. Salters’ retroactive support for these periods, the Department should recalculate the total retroactive child support obligation and, if necessary, adjust Mr. Salters’ monthly contribution towards the arrearage. Based upon our reversal of the final administrative support order, the income deduction order is also reversed. The Department may reissue an appropriate income deduction order after recalculating the retroactive support obligation and making any necessary adjustments to Mr. Salters’ monthly contribution towards the arrearage.
 

 Affirmed in part, reversed in part, and remanded.
 

 VILLANTI and LaROSE, JJ, Concur.
 

 [1]
 

 .
 
 See
 
 § 409.2563, Fla. Stat. (2005);
 
 Macias v. Dep't of Revenue ex rel. Garcia,
 
 16 So.3d 985, 986 (Fla. 3d DCA 2009) (holding that a father could not "seek modification of a Final Administrative Support Order on appeal by presenting facts that were not initially presented to the administrative law judge”);
 
 Fernandez v. Dep’t of Revenue,
 
 971 So.2d 875, 877-78 (Fla. 3d DCA 2007) (holding that a father was not entitled to reversal of a support order based upon the Department's failure to hold a hearing when he was twice given notice of his right to request a hearing and did not do so).
 

 [2]
 

 . Mr. Salters is not without a remedy. He may seek a modification of the final administrative support order as set forth in section 409.2563(12), or he may seek a superseding order in the circuit court pursuant to section 409.2563(10)(c).
 
 See Miley v. Dep’t of Revenue ex rel. Barker,
 
 23 So.3d 1284, 1284 (Fla. 4th DCA 2010) (noting same).
 

 [3]
 

 . The Department also calculated retroactive support for the periods of January to December 2007, January 2008, and February to August 2008. It then added all of the periods of retroactive support together to determine Mr. Salters’ total retroactive support obligation and required him to make monthly payments towards the total arrearage.