PER CURIAM.
 

 Ashton Finch appeals a final administrative paternity and support order. We reverse the order to the extent that it determines Finch’s child support obligations.
 
 [1]
 

 The Department of Revenue, Child Support Enforcement Program, (“Depart
 
 *1151
 
 ment”) instituted a proceeding, on behalf of Sabrina John-Jules, to establish the paternity of John-Jules’ child and to establish the biological father’s current and retroactive child support obligations.
 
 See
 
 §§ 409.256, 409.2563, Fla. Stat. (2010). Following a hearing, the Administrative Law Judge (“ALJ”) issued a paternity and support order, finding that Ashton Finch is the legal and biological father of the child and requiring him to pay current and retroactive child support. The ALJ admitted the Department’s exhibits of Finch’s financial affidavit and a SUNTAX printout of his earnings, and expressly incorporated this evidence as additional findings of fact and conclusions of law. The order also incorporates a child support guidelines worksheet, stating that Finch’s gross monthly income for the 2011 tax year is $1731 and that his net monthly income is $1481.45. Based on the determination of the parents’ net income, the ALJ found that Finch’s current monthly child support obligation is $444 a month according to the child support guidelines schedule. This income determination and resulting child support obligation was also used to compute the amount of retroactive support that Finch must pay.
 

 On appeal, we agree with Finch’s contentions that the order must be reversed because the order shows that the ALJ erred in computing Finch’s child support obligations. First, the SUNTAX printout and Finch’s financial affidavit relied on by the ALJ do not support a determination that Finch’s current gross monthly income is $1731($20,772 for the 2011 tax year) as stated in the guidelines worksheet. The affidavit provides that Finch’s current gross monthly income is approximately $600 less than the worksheet amount. The SUNTAX printout indicates that Finch’s gross income for the first three quarters of the 2011 tax year is $13,896.76 or $1544.08 a month. Therefore, the ALJ must have found that Finch’s income for the 4th quarter of 2010 was $6875.24 ($20,772-$13,896.76). However, the order does not explain this finding, and it is not otherwise substantiated by the record.
 
 [2]
 
 Accordingly, the support order cannot stand based on this inaccurate determination as to Finch’s current income.
 
 See Cervoni v. Cervoni,
 
 715 So.2d 282, 283 (Fla. 3d DCA 1998);
 
 Calero v. Calero,
 
 996 So.2d 244, 245-46 (Fla. 4th DCA 2008);
 
 Soto v. Soto,
 
 974 So.2d 403, 403-05 (Fla. 2d DCA 2007);
 
 Dep’t of Revenue ex rel. Moneyham v. Moneyham,
 
 931 So.2d 1048, 1048-49 (Fla. 1st DCA 2006);
 
 see also
 
 § 120.68(10), Fla. Stat. (2010).
 

 In addition, the ALJ erred in using Finch’s current monthly income to compute the retroactive support obligation. The use of current income is permissible when the obligor fails to demonstrate his or her actual income during the retroactive period.
 
 See
 
 § 61.30(17)(a), Fla. Stat. (2011) (providing that the “[f]ailure of the obligor to ... demonstrate [his or her actual income] shall result in the court using the obligor’s income at the time of the hearing in computing child support for the retroactive period”). Here, however, the SUNTAX printout provides Finch’s earnings for the retroactive period before service of the notice of proceeding, as well as for several months after service. The SUNTAX printout shows that his monthly gross earnings for this period are less than the current income amount stated on the worksheet, which was used to compute his retroactive support obligation.
 
 [3]
 
 Without
 
 *1152
 
 explanation, the ALJ disregarded this information and improperly failed to use Finch’s actual income in computing his retroactive child support obligation.
 
 See
 
 § 61.80(17)(a) (providing that the court shall consider “the obligor’s demonstration of his or her actual income ... during the retroactive period” when determining the amount of a retroactive child support award);
 
 Swor v. Swor,
 
 56 So.3d 825, 826 (Fla. 2d DCA 2011);
 
 Cameron v. Dickey,
 
 871 So.2d 1022, 1028 (Fla. 5th DCA 2004);
 
 see also Salters v. Dep’t of Revenue ex rel. Mobley,
 
 32 So.3d 777, 778 (Fla. 2d DCA 2010). Therefore, the ALJ’s determination of the retroactive support obligation does not comply with section 61.30(17)(a) and it must be recalculated.
 

 Accordingly, we affirm the paternity determination but reverse the order with respect to the child support obligations. Based on this reversal, we also reverse the income deduction order entered pursuant to the support order. The cause is remanded for further proceedings.
 

 Affirmed in part and reversed in part.
 

 [1]
 

 . Finch does not contest the paternity determination and we affirm the order as to that ruling.
 

 [2]
 

 . The order does not indicate that the ALJ imputed any income to Finch,
 
 see
 
 § 409.2563(5)(a), Fla. Stat. (2010), § 61.30(2)(b), Fla. Stat. (2011), or found that Finch has income from sources other than his earnings.
 
 See
 
 § 61.30(2)(a), Fla. Stat. (2011).
 

 [3]
 

 . Finch’s financial affidavit does not state his income for the retroactive period.