PER CURIAM.
Alice L. Sanford appeals the final judgment of dissolution of marriage and raises numerous issues that were either not preserved for appellate review or lacked merit; thus we affirm those without comment. Because the trial court modified an existing child support order without a request *786 for modification and appropriate factual findings, however, we reverse and remand.
Ms. Sanford argues that the trial court erred by modifying an existing child support order. An administrative support order for the party’s minor child was entered on February 23, 2011. That order commenced on March 1, 2011 and required her former husband, Mr. Erick Davis, to pay (a) $484 per month until their “child marries, dies, becomes self-supporting, or attains the age of majority, or further order of this Court” and (b) $6 per month plus interest and applicable service charges “until the retroactive child support or arrearage [of $1,500] and applicable interest are paid in full.” The order also required Mr. Davis to pay $383 in costs and fees within one year. The final judgment at issue ordered Mr. Davis to pay $350 per month, together with applicable service fees. The order in the final judgment appears to supersede the March 1 order. While the circuit court is permitted to modify child support, see § 409.2563(10)(c), Fla. Stat.; see also Matthews v. Matthews, 677 So.2d 323, 325 (Fla. 1st DCA 1996) (explaining that the circuit court has the authority to modify child support so long as the modification is requested and supported by evidence justifying modification), there is no record evidence that either party requested a modification, and neither the magistrate nor the trial court made any factual findings to support the reduction.
Given this error, we AFFIRM in part, REVERSE in part, and REMAND to the trial court for further proceedings consistent with this opinion.
THOMAS, MARSTILLER, and MAKAR, JJ., concur.