IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

OZZIE GILLISLEE,

     Appellant,

v.

FLORIDA DEPARTMENT OF
REVENUE OBO LASHONDA
MIRACLE HAMILTON,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-0407

Opinion filed November 20, 2014.

An appeal from an order of the Department of Revenue.
Ann Coffin, Director.

Ozzie Gillislee, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Toni C. Bernstein, Assistant Attorney
General, Tallahassee, for Appellee.


PER CURIAM.

     In the proceeding below, the mother of the Appellant's child petitioned for

child support from the Appellant. The Appellant raises numerous issues on appeal.

None of these issues were preserved and, as such, must be reviewed for

fundamental error. See Saka v. Saka, 831 So. 2d 709, 711 (Fla. 3d DCA 2002)

("Fundamental error, which can be considered on appeal without objection in the

lower court, is error which goes to the foundation of the case or goes to the merits of the cause of action."). We affirm as to all the issues except the issue regarding retroactive support, which we reverse and remand to the Florida Department of Revenue (the Department) in accordance with the below.

Based on evidence provided by the mother, the Department determined that the Appellant owed 31 months of retroactive child support. However, in determining the amount of retroactive support owed, the Department failed to include any child support payments made by the Appellant during that 31-month time period. Failing to include this amount was error. See § 61.03(17)(b), Fla. Stat. (July 2012); Ditton v. Circelli, 888 So. 2d 161, 163 (Fla. 5th DCA 2004) (holding that the court erred when it failed to credit the father for four monthly child support payments made in its calculation of retroactive child support). Because this error goes to the foundation of this case, it is fundamental. This Court reverses the portion of the order determining retroactive child support and remands the order to allow the Department to include the prior child support payments.

REVERSE AND REMAND.

ROBERTS, MARSTILLER, and SWANSON, JJ., CONCUR.