IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MICHAEL DUGGAN,

      Appellant,

v.

STATE, DEPARTMENT OF
REVENUE, CHILD SUPPORT
ENFORCEMENT PROGRAM
EX REL. KAYLIN HUFF,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-306

_____/

Opinion filed August 4, 2016.

An appeal from the Circuit Court for Duval County.
Ann Coffin, Child Support Enforcement Program, Department of Revenue,
Director.

Michael Duggan, pro se.

Pamela Jo Bondi, Attorney General and Toni C. Bernstein, Assistant Attorney
General, for Appellee.

PER CURIAM.

      Michael Duggan appeals a child support order and an income deduction order

entered by the Department of Revenue, Child Enforcement Program (the

Department), related to one of Mr. Duggan's minor children. After the mother of the child sought child support, the Department gave notice of an administrative support proceeding to Mr. Duggan and requested financial information. Mr. Duggan failed to respond, or to provide the Department with the requested financial information. And though notified of the opportunity to seek a hearing, he didn't request one. The Department then entered a final administrative support order along with an income deduction order. Mr. Duggan then appealed.

Mr. Duggan waived and failed to preserve most of his appellate arguments after ignoring the process offered below. See, e.g., Salters v. Dep't of Revenue, Child Support Enforcement Program ex rel. Mobley, 32 So. 3d 777 (Fla. 2d DCA 2010); Macias v. Dep't of Revenue ex rel. Garcia, 16 So. 3d 985 (Fla. 3d DCA 2009). We affirm with respect to all of Mr. Duggan's arguments except for the one dealing with Mr. Duggan's retroactive child support obligation.

The Department concedes that it got Mr. Duggan's retroactive child support obligation calculation wrong. It used evidence related to Mr. Duggan's current income to calculate his retroactive support obligation, even though it possessed information about his monthly income during the retroactive child support period. See Salters, 32 So. 3d at 778-79 (requiring the Department to establish the retroactive obligation using income information it possesses from the retroactive period); see also § 61.30(17)(a), Fla. Stat. We therefore reverse and remand for

2

recalculation of Mr. Duggan's retroactive support obligation and, if necessary, for reissuance of the income deduction order, making whatever adjustments that are needed to Mr. Duggan's monthly contribution towards the arrearage.

AFFIRMED in part, REVERSED in part, and REMANDED.

WOLF, B.L. THOMAS, and OSTERHAUS, JJ., concur.