# Third District Court of Appeal

## State of Florida

Opinion filed January 11, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1044
Lower Tribunal No. 16-745
_____

**Iris C. Bagarotti**,
Appellant,

vs.

**Reemployment Assistance Appeals Commission, et al.**,
Appellees.

An Appeal from the Florida Reemployment Assistance Appeals Commission.

Iris C. Bagarotti, in proper person.

Cristina A. Velez (Tallahassee), for appellee Reemployment Assistance Appeals Commission.

Before SUAREZ, C.J., and LAGOA and SCALES, JJ.

SCALES, J.

Appellant and claimant below, Iris Bagarotti, appeals a final order of the Florida Reemployment Assistance Appeals Commission (the "Commission"), finding that Bagarotti was not entitled to receive reemployment assistance benefits, and therefore must repay the benefits she received, in the total amount of $4,655. The basis of the Commission's decision is that Bagarotti was not able to work and be available for work during the benefits time period, as required by section 443.091(1)(d) of the Florida Statutes. Because we cannot discern competent, substantial evidence from the record of the administrative proceedings that Bagarotti was unable to work during this time period, we reverse and remand the case to the Commission for a new hearing to be conducted by a referee.

Bagarotti worked as a kindergarten teacher. She was diagnosed with a skin cancer in August of 2013. She needed to miss work once every two weeks for a short period of time for treatments of the skin cancer. Her employer objected to her missing time from work and, eventually, discharged her. After filing a claim for benefits for reemployment assistance, Bagarotti received weekly payments of $245, from September 28, 2013 through February 1, 2014. On June 29, 2015, the Department of Economic Opportunity (the "Department") sent Bagarotti a notice of disqualification, advising her that she had not been eligible to receive these benefits, that the benefits were subject to recoupment, and that she had a right to appeal.

2

A Department-appointed referee heard Bagarotti's appeal on November 18, 2015.[1] The Department supplied the Spanish-speaking Bagarotti with an interpreter for the hearing. From our review of the record, it appears that Bagarotti attempted to testify that she was able to work during the period she received benefits while being treated for the skin cancer, except that her work should not be in the sunshine. It also appears that Bagarotti attempted to testify that, at some time subsequent to her discharge, including during the time of the November 18, 2015 hearing itself, she suffered from a mental disability that prevented her from seeking work. The record does not contain definitive testimony as to when this mental disability affected Bagarotti's ability to work: either while she was receiving the benefits or after the benefits ceased.

Bagarotti's testimony shifts back and forth between a discussion of her skin cancer and her mental disability. Even with an interpreter, Bagarotti appears unable to understand the referee's effort to focus on her ability to work during the nineteen-week benefits period and the referee appears unable to distinguish between Bagarotti's references to the skin cancer and the mental disability.

Based on the record before the referee and the testimony at the hearing, the referee found that Bagarotti was not able and available to work during the period in which she was paid benefits. The referee found that "[t]he claimant has a medically

---

[1] The procedural issues that affected the course of Bagarotti's administrative appeal are not relevant to her appeal to this Court and will not be addressed here.

3

[sic] illness that prevents her from being employed at the earliest possible time. The claimant, as of the date of the hearing, has not been released to light duty work." Thus, the referee determined there was an overpayment of $4,655 that Bagarotti must repay to the Department. On April 27, 2016, the Commission affirmed the referee's decision.

An administrative hearing officer's findings of fact may not be disturbed by a reviewing court if those findings are supported by competent, substantial evidence. Crespo v. Fla. Reemployment Assistance Appeals Comm'n, 128 So. 3d 49, 52-53 (Fla. 3d DCA 2012). We are not free to reweigh the evidence. § 120.68(10), Fla. Stat. (2015); Salinas v. E. Aero Marine, 908 So. 2d 1169 (Fla. 3d DCA 2005). Logically, we explore the record to determine whether competent, substantial evidence exists to support the pertinent findings of fact. Our exploration in the instant case arrives at the confusion between the claimant and the referee at the November 18, 2015 hearing. We conclude that there is no clear evidence – in other words, there is insufficient competent, substantial evidence – in the record that Bagarotti was unable to work from September 28, 2013, through February 1, 2014.[2]

_____

[2] On December 22, 2015, after her hearing before the Department's referee, Bagarotti, with the assistance of an attorney who did not otherwise represent her, filed a set of documents with the Department that included her dermatologist's report. This report does not indicate that Bagarotti was unable to work, only that her job function be limited so that she "not be out in the sun." The expected duration of her skin cancer condition is described as "6 months." The report also

Reversed and remanded for a new hearing before a referee.

---

warns that Bagarotti might miss work from time to time due to "episodic flare-ups." Bagarotti sought to submit this report to the Commission, though she had not submitted it to the referee. In the alternative, she sought another hearing. In its final order, the Commission declined both requests. § 443.151(4)(c), Fla. Stat. (2015). Our opinion today does not take the dermatologist's report into consideration.