NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CHRISTOPHER JOSEPH GAUT,              )
                                      )
          Appellant,                  )
                                      )
v.                                    )          Case No. 2D16-1619
                                      )
DEPARTMENT OF REVENUE,                )
CHILD SUPPORT ENFORCEMENT             )
PROGRAM, and RACHELLE DAWN            )
HANSEN,                               )
                                      )
          Appellee.                   )
                                      )

Opinion filed June 9, 2017.

Appeal from the Department of Revenue.

Christopher Joseph Gaut, pro se.

Pamela Jo Bondi, Attorney General, and
Toni C. Bernstein, Senior Assistant Attorney
General, Tallahassee, for Appellee
Department of Revenue.

No appearance for Rachelle Dawn Hansen.


VILLANTI, Chief Judge.


          Christopher Joseph Gaut appeals the Final Administrative Paternity and

Support Order rendered by the Department of Revenue, Child Support Enforcement

Program (the Department).  Gaut raises two points on appeal: (1) the Department erred

in determining his current child support and (2) the Department erred in determining his retroactive child support. As explained below, we affirm in part and reverse in part.

We affirm on the first point inasmuch as the Department requested income information from Gaut and provided him with notice advising him of his right to participate and to request a hearing. Moreover, the Department correctly could and did utilize available state wage information to calculate Gaut's current child support obligation. See § 409.2563(5)(a), Fla. Stat. (2016) ("[T]he department may proceed on the basis of information available from any source, if such information is sufficiently reliable and detailed to allow calculation of guideline schedule amounts . . . ."). Because Gaut failed to provide income information or to participate in the proceedings below, he cannot complain for the first time on appeal that the court utilized the statutorily permissible methodology to calculate his current child support obligation.

In contrast, on the second point the Department acknowledges that it incorrectly used Gaut's current child support obligation calculation to also determine his retroactive obligation. Moreover, because the Department had state wage information for the time period in which retroactive child support was due, and because the income information for the two timeframes differed, "the Department ought not to [have] ignore[d] the information in its own files" when it calculated Gaut's retroactive child support due. Salters v. Dep't of Revenue ex rel. Mobley, 32 So. 3d 777, 778 (Fla. 2d DCA 2010); see also § 61.30(17)(a), Fla. Stat. (2016).

Therefore, we affirm as to Gaut's current support obligation but reverse as to Gaut's retroactive support obligation. We remand for the Department to recalculate

his retroactive child support obligation using the income information it has from the state for that time period.

Affirmed in part, reversed in part, and remanded with directions.


CRENSHAW and BADALAMENTI, JJ., Concur.