NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

HERLEY DAVIS,                        )
                                     )
              Appellant,             )
                                     )
v.                                   )          Case No. 2D16-1658
                                     )
DEPARTMENT OF REVENUE                )
O/B/O MELISSA ANN BARTELL,           )
                                     )
              Appellee.              )
_____)

Opinion filed July 14, 2017.

Appeal from the Department of Revenue.

Herley Davis, pro se.

Pamela Jo Bondi, Attorney General, and
Toni C. Bernstein, Senior Assistant
Attorney General, Tallahassee,
for Appellee Department of Revenue

No appearance for Appellee Melissa Ann
Bartell.

PER CURIAM.

        Herley Davis appeals a final administrative paternity and support order

entered by the Department of Revenue, Child Support Enforcement Program.  We have

jurisdiction.  See § 120.68, Fla. Stat. (2016); Fla. R. App. P. 9.030(b)(1)(C), .110(a)(2).

In its answer brief, the Department concludes with a concession of error regarding its method of calculating Mr. Davis's income for purposes of his child support obligation. It is unclear from our review of the limited record what that error would have been given the information the Department had before it and Mr. Davis's failure to participate at any point in the proceedings below. Thus, we decline to accept the Department's concession. Cf. Hinckley v. Dep't of Revenue, ex rel. K.A.C.H., 927 So. 2d 73, 74 (Fla. 2d DCA 2006) (recognizing the Department's concession of error but dismissing on other grounds); Gonzalez v. Dep't of Health, 124 So. 3d 449, 450 (Fla. 1st DCA 2013) ("A confession of error . . . is not binding upon an appellate court, and it is the practice of Florida appellate courts not to accept erroneous concessions . . . ." (first alteration in original) (quoting Perry v. State, 808 So. 2d 268, 268 (Fla. 1st DCA 2002))). As Mr. Davis never challenged the Department's method of calculating his child support obligation, he failed to preserve that issue for our review. See Duggan v. Dep't of Revenue, ex rel. Huff, 197 So. 3d 631, 632 (Fla. 1st DCA 2016) (holding that, in appeal of final administrative support order, the appellant "waived and failed to preserve most of his appellate arguments after ignoring the process offered below"); Macias v. Dep't of Revenue, ex rel. Garcia, 16 So. 3d 985, 986 (Fla. 3d DCA 2009) (holding that a father could not "seek modification of a Final Administrative Support Order on appeal by presenting facts that were not initially presented to the administrative law judge"). Accordingly, we affirm.

Affirmed.

KELLY, LUCAS, and ROTHSTEIN-YOUAKIM, JJ., Concur.