# Third District Court of Appeal

## State of Florida

Opinion filed October 11, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1265
Lower Tribunal Nos. 16-534-CS, 2000850093, 13150018117FC

_____

**Audely Hernandez,**

Appellant,

vs.

**Yosviel Guerra and Department of Revenue,**

Appellees.

An Administrative Appeal from the Department of Revenue.

Audely Hernandez, in proper person.

Pamela Jo Bondi, Attorney General, and Toni C. Bernstein, Senior Assistant Attorney General (Tallahassee), for appellee, Department of Revenue.

No appearance on behalf of Yosviel Guerra.

Before ROTHENBERG, C.J., and LAGOA and FERNANDEZ, JJ.

LAGOA, J.

The mother, Audely Hernandez (the "mother"), appeals from a Final Administrative Support Order determining the support obligations of appellee Yosviel Guerra (the "father"). Specifically, the mother disputes the amount of credit awarded to the father for payments made during the retroactive period. Because the administrative law judge's finding on this issue is supported by competent substantial evidence, we affirm.

I.    FACTUAL AND PROCEDURAL HISTORY

On behalf of the mother, appellee, the State of Florida Department of Revenue (the "Department"), served the father with a Notice of Proceeding to Establish Administrative Support Order stating that the Department had started an administrative proceeding to establish amounts in child support or expenses the father may be required to pay for his two children. Enclosed with the Notice was a Parent Information Form which the father was required to fill out and return to the Department. In his Parent Information Form, the father stated that he had provided financial support in the amount of "two hundred dollars – weekly in the form of cash to [mother]." The Parent Information Form contained a written declaration, signed by the father, stating that "[u]nder penalties of perjury, I declare that . . . the facts stated in [the Parent Information Form] . . . are true and correct."

In her Parent Information Form, the mother stated that no financial support had been paid for the benefit of the children, but attached a copy of one money

2

order in the amount of $150, which she labeled as "child support." As the father had done with his Parent Information Form, the mother signed her Parent Information form under penalties of perjury.

The Department subsequently issued a Proposed Administrative Support Order ("Proposed Order"). The Proposed Order determined that the father's current child support obligation was $948.90 per month, and that he owed retroactive support in the amount of $8,471.77 to be paid at the rate of $189.78 per month. The Proposed Order included "credit of $150.00 for documented support payments made."

The father filed a Notice of Objection to Entry of Final Administrative Order and Request for Hearing. The father stated that the basis for requesting a hearing was to, among other things, "present proof of child support payments made directly to the [mother] which would result in a reduction of the arrears." As a result, the Department referred the matter to the Division of Administrative Hearings ("DOAH") for a hearing before an administrative law judge ("ALJ"). The DOAH issued a notice of hearing, which informed the parties that the hearing would be a formal proceeding at which the ALJ would hear sworn testimony and that the final order issued would be based on the evidence presented at the hearing. The notice also stated that, as a result of the hearing, the amounts for support set forth in the Proposed Order may change.

The matter proceeded to a hearing before an ALJ on March 24, 2016. Both the mother and father testified at the hearing. With regard to actual payments made during the proposed retroactive period (February 1, 2015 through March 31, 2016), the father testified that for eight months (March 2015 through October 2015) he gave the mother between $400 and $500 cash per month. He testified that he also gave her money orders in the total amount of $1,384 and introduced the receipts of those payments as evidence. The father further testified regarding a cell phone and gifts that he gave to the children. The mother testified that the father never provided her cash, and that he only provided one money order in the amount of $150 in October 2015. At the conclusion of the hearing, the ALJ stated that the father would be awarded credit in the total amount to which he testified, i.e. $5,759.

In the Final Administrative Support Order, the ALJ found the father's current child support obligation to be $475 per month. The ALJ also found that the amount of the father's retroactive support for the months of February 1, 2015, through March 31, 2016, was $3,186. The ALJ reached the retroactive support amount by applying the father's credited amount of $5,759 to the total retroactive support amount of $8,945. The ALJ further determined that the father was to pay the retroactive amount at the rate of $40 per month, resulting in a total monthly

4

support obligation by the father in the amount of $515. This appeal ensued from the Final Administrative Support Order.

## II. STANDARD OF REVIEW

"The administrative law judge's decision has the presumption of correctness in appellate proceedings and the burden is on the appellant to demonstrate error." Macias v. Dep't of Revenue ex rel. Garcia, 16 So. 3d 985, 986 (Fla. 3d DCA 2009). This Court may not reverse the ALJ's findings of fact if those findings are supported by competent, substantial evidence. See § 120.68 (10), Fla. Stat. (2016)[1]; Bargarotti v. Reemployment Assistance Appeals Comm'n, 208 So. 3d 1197, 1199 (Fla. 3d DCA 2017) ("An administrative hearing officer's findings of fact may not be disturbed by a reviewing court if those findings are supported by competent, substantial evidence."); U.S. Blood Bank, Inc. v. Agency for Workforce Innovation, 85 So. 3d 1139, 1142 (Fla. 3d DCA 2012) ("In an appeal from final

---

[1] Section 120.68 (10), Florida Statutes (2016), provides as follows:

> (10) If an administrative law judge's final order depends on any fact found by the administrative law judge, the court shall not substitute its judgment for that of the administrative law judge as to the weight of the evidence on any disputed finding of fact. The court shall, however, set aside the final order of the administrative law judge or remand the case to the administrative law judge, if it finds that the final order depends on any finding of fact that is not supported by competent substantial evidence in the record of the proceeding.

administrative action, this Court reviews the agency's findings of fact to determine whether they are supported by competent, substantial evidence in the record.").

III.    ANALYSIS

Section 409.2563, Florida Statutes (2016), governs the Department's administrative establishment of a child support obligation.  When a parent from whom support is being sought files a timely request for a hearing contesting the Department's proposed administrative support order, as the father did here, the case is transferred to the DOAH in order for it to conduct further proceedings.  See §§ 409.2563(5)(c), (6), Fla. Stat. (2016).  If a hearing is held, section 409.2563(6) mandates that an ALJ "shall consider all available and admissible information."

Additionally, any administrative support order must comply with section 61.30, Florida Statutes.  See § 409.2563(7)(e), Fla. Stat. (2016).  Section 61.30(17)(b) requires that in determining a retroactive child support obligation the ALJ must consider "[a]ll actual payments made by a parent to the other parent or the child or third parties for the benefit of the child throughout the proposed retroactive period."

Given these statutory obligations, an ALJ is not limited to the amounts set forth in the Department's proposed administrative support order and instead must establish child support obligations based upon all available and admissible information developed at the administrative hearing.  See Dep't of Revenue v.

6

_Reyes_, 181 So. 3d 1270, 1273-74 (Fla. 1st DCA 2015) (holding that ALJ was required to consider all available and admissible information in determining child support obligation under section 409.2563 and was not limited to amounts set forth in Department's proposed order); _see also_ Dep't of Revenue v. Resendiz, 182 So. 3d 811, 811 (Fla. 1st DCA 2016) (vacating Final Administrative Support Order where ALJ limited child support obligation to amounts stated in proposed order: "the ALJ was required to establish the father's child support obligation based on the evidence presented at the hearing").

On appeal, the mother seeks review of the amount of credit awarded to the father for payments made during the retroactive period, asserting that the father provided only a cell phone, $150, and clothing and gifts for the children. In other words, the mother challenges the ALJ's finding that the father provided cash and money order payments for the benefit of his children during the retroactive period. A review of the hearing transcript shows that the mother specifically objected to the ALJ's determination that the father receive credit for cash payments, claiming instead that he never paid her in cash.

"Factual inferences are to be drawn by the [ALJ] as trier of fact." _Prysi v. Dep't of Health_, 823 So. 2d 823, 825 (Fla. 1st DCA 2002) (alteration in original) (quoting _Heifetz v. Dep't of Bus. Reg._, 475 So. 2d 1277, 1283 (Fla. 1st DCA 1985)). As the trier of fact, the ALJ "was charged with the responsibility of

7

weighing the evidence, and as such, was free to accept or reject all or any portion of any witness's testimony and to resolve conflicts in the evidence." U.S. Blood Bank, 85 So. 3d at 1143 (affirming agency's determination and concluding that trier of fact was free to reject accountant's testimony and rely on corporate records and filings).

Here, the ALJ heard testimony from both the mother and father on the issue of payments made by the father for the benefit of his children during the retroactive period—the mother testified that the father made one $150 payment by money order, while the father testified he made eight monthly cash payments along with $1,384 in money order payments. The ALJ also considered receipts for the money order payments which were admitted into evidence.[2] After considering all available and admissible information presented at the hearing, the ALJ found the father's testimony on this issue more credible than the mother's testimony.[3]

[2] The exhibits entered at the hearing have not been made a part of the record on appeal. See generally Macias, 16 So. 3d at 986 (where father appealed from Final Administrative Support order but did not provide hearing transcripts this Court could not determine whether ALJ abused his discretion in considering father's child support and care expenses); see also Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979); Shojaie v. Gables Court Prof'l Ctr., Inc., 974 So. 2d 1140, 1142 (Fla. 3d DCA 2008); Gleim v. Gleim, 176 So. 2d 610, 611 (Fla. 3d DCA 1965).

[3] In a hearing involving disputed issues of material fact, an ALJ's findings of fact must be based on a preponderance of the evidence. See § 120.57(1)(j), Fla. Stat. (2016). A preponderance of the evidence is evidence that more likely than not tends to prove a proposition. See Gross v. Lyons, 763 So. 2d 276, 280 n.1 (Fla. 2000).

8

Because this Court cannot reweigh the evidence, we affirm and conclude that the ALJ's finding of fact on this issue is supported by competent, substantial evidence.

Affirmed.[4]

---

[4] We note that at the time the ALJ entered the Final Administrative Support Order the father was unemployed. The record before this Court shows that the father has since obtained employment. Our decision is therefore without prejudice to the mother filing a petition for modification based on this change of circumstance. Additionally, the father has filed a petition for dissolution in the circuit court. Upon proper application by either party and sufficient evidentiary support, the circuit court has the authority to enter a superseding order prospectively changing support obligations set forth in the ALJ's Final Administrative Support Order. See § 409.2563(10)(c); Dep't of Revenue v. Secor, 146 So. 3d 1250, 1252 (Fla. 2d DCA 2014) (stating that while it is well established that a circuit court lacks jurisdiction to retroactively affect an administrative support order entered pursuant to section 409.2563, a circuit court has the power to issue a superseding order changing support obligations prospectively under section 409.2563(10)(c)); Sanford v. Davis, 136 So. 3d 785 (Fla. 1st DCA 2014) (reversing portion of final judgment of dissolution modifying existing administrative support order where neither party requested modification and trial court failed to make factual findings supporting modification).