COHEN, J.
*714 David Anthony Stokes, Sr. appeals a final administrative paternity and support order entered by the Florida Department of Revenue ("DOR" or "the department") on behalf of Lorie Elayne Loy. He raises two issues on appeal: DOR's failure to transfer the administrative paternity and child support proceeding to the circuit court, and DOR's miscalculations of his child support and retroactive child support obligations. We reverse the order to the extent that it determines Stokes's child support obligations.
On November 3, 2016, DOR sent Stokes a notice of administrative proceeding to establish paternity and an order to appear for genetic testing. Pursuant to sections 409.256 and 409.2563, Florida Statutes (2017), the notice provided the methods to opt-out of DOR's administrative process to pursue the establishment of paternity and/or support in the circuit court. See § 409.256(4)(a) 12., Fla. Stat. (requiring party to file paternity or support action in circuit court and serve the department within twenty days after receipt of the initial notice); § 409.2563(4)(m) 3., Fla. Stat. (requiring party to request in writing that the department proceed in circuit court to determine support obligations or that party intends to address issues concerning parental rights or timesharing within twenty days after receipt of the initial notice); § 409.2563(4)(m) 4., Fla. Stat. (requiring party who opts-out pursuant to section 409.2563(4)(m) 3. to waive service of process within ten days after receipt of the department's petition). In response to DOR's notice, Stokes did not request that DOR transfer the matter, nor did he file a circuit court action. Instead, he contested the order for genetic testing and requested an informal review pursuant to section 409.256(5).
On December 13, 2016, DOR served Stokes with a second notice of the administrative paternity proceeding and genetic testing order. The notice contained the same opt-out provisions as the prior notice. Stokes did not respond, but he appeared for genetic testing, the results of which indicated that he was the child's biological father.[1]
On March 1, 2017, DOR sent Stokes a notice of proceeding to establish administrative support order. The notice also provided the same opt-out methods to move the proceeding to the circuit court. On March 27, 2017, Stokes requested that the matter be "handled judicially and not administratively" pursuant to section 409.2563(4)(m) 3. Although untimely, DOR filed a petition to establish paternity, support, and other relief in the Hillsborough County Circuit Court. Upon filing the petition, DOR sent Stokes a notice of commencement of action and a request for waiver of service of process pursuant to section 409.2563(4)(m) 4. Stokes did not return the waiver, and DOR voluntarily dismissed the circuit court action.
DOR proceeded with its administrative child support action. It sent Stokes a proposed final administrative order indicating that Stokes's net monthly income was $ 5488.45. Stokes contested the proposed order and requested an administrative hearing on the matter, alleging that he was unemployed and received only $ 1474.20 in monthly unemployment compensation. He also filed a separate paternity action in the *715 circuit court. Stokes served DOR with copies of his petition and a signed, notarized financial affidavit.
Pursuant to his request for a hearing, DOR transferred Stokes's administrative case to the Division of Administrative Hearings ("DOAH"). However, Stokes withdrew his request, and the administrative law judge relinquished jurisdiction to DOR. DOR rendered its final administrative paternity and support order, finding that Stokes was the child's biological father and ordering him to pay $ 1319.43 per month in child support as well as thirty-seven months of retroactive support, totaling $ 48,818.91. Stokes timely appealed.[2]
First, Stokes argues that DOR should have terminated the administrative proceeding and transferred the matter to the circuit court. We find that Stokes failed to comply with the opt-out provisions in sections 409.256 and 409.2563.
After receipt of DOR's initial notice and subsequent notice, Stokes did not request to transfer the paternity action, nor did he timely file his own circuit court case. Instead, he requested an informal review of the genetic testing order pursuant to section 409.256(5). Thus, DOR did not err by continuing with the administrative proceeding to establish Stokes's paternity.
Stokes also failed to opt-out of the administrative child support proceeding. Although Stokes requested to move the action to circuit court pursuant to section 409.2563(4)(m) 3., he failed to waive service of process within ten days after receipt of the department's petition. See § 409.2563(4)(m) 4., Fla. Stat. Likewise, Stokes did not timely opt-out of the child support proceeding pursuant to section 409.256(4)(a) 12. because he failed to file his circuit court action and serve DOR with a copy of his petition within twenty days after receiving DOR's initial notice; instead, he waited approximately seven months. Thus, DOR properly continued with the administrative support proceeding because Stokes failed to timely opt-out and no order of support had been entered in Stokes's circuit court action. See Dep't of Rev. v. Graczyk, 206 So. 3d 157, 161 (Fla. 1st DCA 2016) (" Section 409.2563 confers concurrent jurisdiction on DOR/DOAH to establish child support obligations when there is no court order of support.").
Second, Stokes contends that the child support and retroactive support obligations in the final administrative order are unsupported because DOR failed to consider his financial affidavit, which indicated that he was unemployed and receiving only unemployment compensation.
This Court reviews a final administrative order establishing a child support obligation in accordance with section 120.68, Florida Statutes (2017). See § 409.2563(10)(a), Fla. Stat. "The standard of review of an administrative agency's adjudicative findings is whether those findings are supported by substantial competent record evidence." Cain v. Unemplmt. App. Comm'n, 876 So. 2d 592, 593 (Fla. 5th DCA 2004) (citations omitted).
In an administrative proceeding, child support is calculated according to the procedures in section 409.2563(5). Under that section, if a parent fails to provide DOR with a financial affidavit, DOR may proceed to calculate child support using sufficiently reliable information available from any source. § 409.2563(5)(a), Fla. Stat. A support order cannot stand if it is based on an inaccurate determination of a party's current income. Id. § 120.68(10) ; see *716 Finch v. Dep't of Rev. ex rel. John-Jules, 65 So. 3d 1150, 1151 (Fla. 3d DCA 2011).
Here, DOR disregarded Stokes's financial affidavit and relied on other sources to determine his income.[3] The record does not support DOR's assertion that Stokes never filed or served DOR a financial affidavit. Stokes served DOR a copy of his signed, notarized financial affidavit, and the record includes a certificate of service reflecting such. Additionally, DOR's case notes reflect that it received the affidavit prior to the DOAH hearing.
Regardless of whether Stokes withdrew his request for an administrative hearing, DOR was required to consider Stokes's reported income provided in his financial affidavit in its determination, if that information was credible. See Nerney v. Nerney, 752 So. 2d 706, 707 (Fla. 2d DCA 2000) (remanding for recalculation of child support award because guidelines worksheet failed to employ income figures consistent with those provided by the parties in their financial affidavits). Further, DOR was required to use Stokes's current monthly income to compute his retroactive support obligation. See § 61.30(17)(a), Fla. Stat. (2017) ; see also Finch, 65 So. 3d at 1151-52 (reversing retroactive award where administrative law judge failed to use obligor's income reported before service of the notice of proceeding, as well as income reported months after service).
Accordingly, we affirm the paternity determination and DOR's jurisdiction to adjudicate the questions of paternity and child support but reverse the order with respect to the child support obligations. Because it is unclear when Stokes began receiving unemployment compensation, we remand for a determination of Stokes's current ability to pay child support as well as reconsideration of arrearages in light of the information provided in Stokes's financial affidavit. Based on this reversal, we also reverse the income deduction order entered pursuant to the support order.
AFFIRMED in part, REVERSED in part, and REMANDED.
EVANDER, C.J., and EDWARDS, J., concur.

Stokes does not contest the paternity determination on appeal.

While most of the administrative and judicial activity occurred in Hillsborough County, Stokes resides in Hernando County, which is within the jurisdictional boundaries of this Court pursuant to section 120.68(2)(a), Florida Statutes (2017).

Although Stokes untimely filed his financial affidavit with DOR, DOR accepted Loy's financial affidavit, which was also untimely filed, and used those income figures to determine Loy's income.