DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RAYMOND FELICIANO**
Appellant,

v.

**DEPARTMENT OF REVENUE, CHILD SUPPORT ENFORCEMENT**, and
**STEFFANIE DANIELLE CACCIATORE**
Appellees.

No. 4D19-3431

[October 28, 2020]

Administrative appeal from the State of Florida, Department of Revenue, Child Support Program; L.T. Case Nos. CSE 2001422511 and 50190700845CA.

Scott J. Edwards of Scott J. Edwards, P.A., Boca Raton, for appellant.

Ashley Moody, Attorney General, and Toni C. Bernstein, Senior Assistant Attorney General, Tallahassee, for appellee Department of Revenue.

FORST, J.

Appellant Raymond Feliciano appeals from a final administrative support order entered by the Florida Department of Revenue Child Support Program ("the Department"). Appellant asserts that the Department erred in calculating his child support obligation amount without considering his ability to pay, and that the Department improperly considered child care costs without competent, substantial evidence in support. The Department responds that Appellant failed to preserve either issue by failing to request an administrative hearing. Because we agree that Appellant has failed to preserve both arguments, we therefore affirm without prejudice, as explained below.

After the mother of Appellant's child sought child support from Appellant, the Department requested financial information from both parents to calculate a proper obligation amount. Based on the information provided, the Department prepared a Proposed Administrative Paternity and Support Order ("Proposed Order"). The Proposed Order notified

Appellant that if he did not agree with the findings contained within, he could either contact the Department or request an administrative hearing. The Proposed Order further informed Appellant that if he did not take any action, the Department would issue a final order requiring him to pay $856.20 in total monthly child support.[1]

Despite the notice, Appellant did not contact the Department or request a hearing. The Department therefore entered a Final Administrative Paternity and Support Order, requiring Appellant to pay $856.20 in total monthly child support. It is from this order that Appellant now seeks our review.

The findings of a final administrative support order under section 409.2563, Florida Statutes, may not be challenged on appeal following the failure of an appellant to fully participate in the proceedings below. *See Standard v. State, Dep't of Revenue, Child Support Enf't Program*, 249 So. 3d 798, 798 (Fla. 1st DCA 2018) (holding that the appellant had not preserved any issue for review following his failure to provide financial information or to request an administrative hearing below); *Salters v. Dep't of Revenue, Child Support Enf't Program ex rel. Mobley*, 32 So. 3d 777, 777–78 (Fla. 2d DCA 2010) (stating the same). However, notwithstanding an appellant's failure to participate in the proceedings, the improper calculation of a child support obligation amount pursuant to the child support guidelines is fundamental error that may be raised at any time. *See Gillislee v. Fla. Dep't of Revenue*, 150 So. 3d 294, 294–95 (Fla. 1st DCA 2014) (holding that the failure to properly calculate retroactive support payments constituted fundamental error); *see also Gaut v. Dep't of Revenue, Child Support Enf't Program*, 220 So. 3d 552, 553 (Fla. 2d DCA 2017) (reversing based on the improper calculation of retroactive child support despite the appellant's failure to "participate in the proceedings").

Here, although Appellant provided his financial information, he did not request an administrative hearing and therefore failed to fully participate in the proceedings below. *See Standard*, 249 So. 3d at 798. Moreover, Appellant raises claims on appeal that are unrelated to the Department's *calculation* of the statutory child support obligation amount, which does not implicate fundamental error.[2] *See Gillislee*, 150 So. 3d at 294–95.

---

[1] This calculation was based on $713.50 per month in current support—a steep amount attributable in large part to the $975.00 monthly child care costs for the infant child—and $142.70 per month in retroactive support.

[2] To the extent Appellant argues the Department failed to consider his support obligation for his two other minor children resulting in an improper calculation

Accordingly, we need not reach the merits of Appellant's claims and hold that Appellant has failed to properly preserve his arguments for appeal.

We note that the lack of a hearing and the resulting absence of a transcript provides this Court with little basis to conclude that the Department's final order is not supported by the evidence. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979). Appellant's arguments on appeal are arguments that should have been presented and analyzed at a hearing. "By waiving his right to a hearing, [Appellant] waived his ability to challenge the sufficiency of the evidence to support the Department's determination of his child support obligations." *O'Steen v. State Dep't of Revenue Child Support Program*, 299 So. 3d 510, 511 (Fla. 3d DCA 2020). Thus, Appellant "cannot complain for the first time on appeal that the [Department] utilized the statutorily permissible methodology to calculate his current child support obligation." *Gaut*, 220 So. 3d at 553.

However, the Department's 2019 Final Administrative Paternity and Support Order is not necessarily the "end of the road" for Appellant. As we noted in *Brookshire v. Department of Revenue, Child Support Enforcement*, 288 So. 3d 709 (Fla. 4th DCA 2020), Appellant "may seek a modification of the final administrative support order as set forth in section 409.2563(12), Florida Statutes, or he may seek a superseding order in the circuit court pursuant to section 409.2563(10)(c), Florida Statutes." *Id.* at 710. We therefore affirm without prejudice for Appellant to seek relief as outlined in section 409.2563, Florida Statutes (2019).

*Affirmed.*

CIKLIN and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

---

of his child support obligation, Appellant's financial information did not state whether such support was pursuant to a court order. The Department thus had no way of knowing whether the amount constituted a deduction from Appellant's gross income under section 61.30(3)(f), Florida Statutes, or a deviation for a *Smith/Speed* credit under section 61.30(11)(a)11., Florida Statutes.