# Third District Court of Appeal

## State of Florida

Opinion filed March 6, 2024.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D23-1279
Lower Tribunal Nos. HSMV: MS-22-368, DOAH 22-3721

————————

**AGI Traffic School, Inc.,**
Appellant,

vs.

**Department of Highway Safety and Motor Vehicles,**
Appellee.

An Appeal from the Department of Highway Safety and Motor Vehicles.

Kemet Law Group, LLC, and Valerie L. Raphael (Boca Raton), for appellant.

David Arthmann, General Counsel, and Linsey Sims-Bohnenstiehl, Assistant General Counsel (Tallahassee), for appellee.

Before FERNANDEZ, SCALES and GORDO, JJ.

GORDO, J.

AGI Traffic School, Inc. ("AGI") appeals a final order terminating its third-party administration of license examination contract with the Department of Highway Safety and Motor Vehicles ("DHSMV"). We have jurisdiction. Fla. R. App. P. 9.110(c); § 120.68(1)(a), Fla. Stat. (2023). Because the findings in the final order are based upon competent substantial evidence, we affirm.

AGI entered into a three-year contract with DHSMV to operate and administer a third-party driver's license examination service to the public. Pursuant to the contract terms, adult applicants seeking to take the exam must complete a registration form and be physically present at a testing facility at the time the exam is administered. Failure to comply with these provisions authorizes DHSMV to terminate the contract.

A few months after executing the contract, DHSMV sent a compliance officer to AGI's testing facility to conduct a surprise inspection. The officer observed that there were no test takers physically present inside the facility while the online portal reflected that several exams were being administered. AGI's president, Abuid Joseph ("Joseph"), failed to provide registration forms of the applicants during the inspection and was unable to explain why students currently taking the exam were not physically present as required by the contract. DHSMV subsequently

2

issued an emergency suspension of AGI's ability to further administer testing based on its violations of the contract. AGI timely petitioned for an administrative hearing. After a full hearing was conducted, the administrative court found that AGI violated the contract terms and recommended termination. DHSMV adopted this recommendation as its final order. This appeal followed.

AGI argues the administrative court's factual findings were not based on competent substantial evidence and that it improperly relied on Joseph's demeanor during his testimony at the hearing.

We find there is competent substantial evidence for the administrative judge's findings. The compliance officer testified that test takers were absent from AGI's testing facility and Joseph failed to provide the requisite registration forms during the inspection or have any explanation as to why the test takers and forms were not available. These facts were also corroborated by DHSMV's online portal, photographs and a video recording. See § 120.68(10), Fla. Stat. (2023) ("If an administrative law judge's final order depends on any fact found by the administrative law judge, the [appellate] court shall not substitute its judgment for that of the administrative law judge as to the weight of the evidence on any disputed finding of fact."); Vill. of Palmetto Bay v. Palmer Trinity Priv. Sch., Inc., 128

3

So. 3d 19, 25 (Fla. 3d DCA 2012) ("The Florida Supreme Court has defined competent substantial evidence as follows . . . the evidence relied upon to sustain the ultimate finding should be sufficiently relevant and material that a reasonable mind would accept it as adequate to support the conclusion reached." (quoting De Groot v. Sheffield, 95 So. 2d 912, 916 (Fla. 1957))); Bagarotti v. Reemployment Assistance Appeals Comm'n, 208 So. 3d 1197, 1199 (Fla. 3d DCA 2017) ("An administrative hearing officer's findings of fact may not be disturbed by a reviewing court if those findings are supported by competent, substantial evidence."); O.H. v. Agency for Persons with Disabilities, 332 So. 3d 27, 33 (Fla. 3d DCA 2021) ("It does not matter that there may be competent substantial evidence to support alternative findings of facts, only whether the hearing officer's findings of fact are supported by competent substantial evidence.").

Further, AGI introduced Joseph's testimony at the hearing and the administrative court had the distinct opportunity to observe his demeanor. The court specifically rejected Joseph's testimony, gave it no credit and found it was unpersuasive and inconsistent with the other evidence in the case. We find the administrative court was in the best position to make these findings. An appellate court is required to defer to a lower court's findings regarding witness credibility. See Wise v. Dep't of Mgmt. Servs.,

<u>Div. of Ret.</u>, 930 So. 2d 867, 870 (Fla. 2d DCA 2006) (holding that an appellate court "must accept the ALJ's findings regarding factual disputes, the weight of the evidence presented, and the credibility of the witnesses"); <u>Kingery v. State</u>, 523 So. 2d 1199, 1205 (Fla. 1st DCA 1988) ("[A] witness's demeanor is a primary factor in an evaluation of that witness's credibility."); <u>Stinson v. Winn</u>, 938 So. 2d 554, 555 (Fla. 1st DCA 2006) ("Credibility of the witnesses is a matter that is within the province of the administrative law judge, as is the weight to be given the evidence. The judge is entitled to rely on the testimony of a single witness even if that testimony contradicts the testimony of a number of other witnesses.").

Affirmed.