# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

DANIEL ERVIN ROUSON, SR.,

Appellant,

v.

DEPARTMENT OF REVENUE CHILD SUPPORT ENFORCEMENT
PROGRAM and NGIRI ASHIKI JACKSON,

Appellees.

No. 2D2024-0107

_____

January 3, 2025

BY ORDER OF THE COURT:

Appellee's motion for clarification is granted.  The prior opinion

dated October 16, 2024, is withdrawn, and the attached opinion is

issued in its place.


I HEREBY CERTIFY THE FOREGOING IS A TRUE COPY OF THE
ORIGINAL COURT ORDER.


MARY ELIZABETH KUENZEL
CLERK

DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

DANIEL ERVIN ROUSON, SR.,

Appellant,

v.

DEPARTMENT OF REVENUE CHILD SUPPORT ENFORCEMENT
PROGRAM and NGIRI ASHIKI JACKSON,

Appellees.

No. 2D2024-0107

_____

January 3, 2025

Appeal from the Department of Revenue Child Support Program.

Charis A. Campbell of Golden Key Law Group, PLLC, Pinellas Park, for
Appellant.

Ashley Moody, Attorney General, Tallahassee and Sarah C. Prieto,
Assistant Attorney General, Fort Lauderdale, for Appellee Department of
Revenue Child Support Program.

No appearance for Appellee Ngiri Ashiki Jackson.

KELLY, Judge.

Daniel Ervin Rouson appeals a final administrative support order.
He argues, and the Department of Revenue Child Support Enforcement
Program (DOR) concedes, that reversal in part is required based on the
miscalculation of retroactive child support by the administrative law

judge (ALJ) and the ALJ's failure to attach a child support guidelines worksheet to the final order.

In determining retroactive child support, "[t]he court shall apply the guidelines schedule in effect at the time of the hearing subject to the obligor's demonstration of his or her actual income . . . during the retroactive period." § 61.30(17)(a), Fla. Stat. (2023); *see also Gaut v. Dep't of Revenue, Child Support Enf't Program*, 220 So. 3d 552, 553 (Fla. 2d DCA 2017) (stating that if available, the DOR must use state wage information for the retroactive time period in calculating retroactive child support); *Salters v. Dep't of Revenue, Child Support Enf't Program ex rel. Mobley*, 32 So. 3d 777, 778 (Fla. 2d DCA 2010) (same); *Finch v. Dep't of Revenue ex rel. John-Jules*, 65 So. 3d 1150, 1151-52 (Fla. 3d DCA 2011) (reversing a retroactive child support award because the ALJ used the obligor's current income to calculate retroactive support despite evidence of his income during the retroactive time period). Here, the final order reflects that the ALJ was provided with records showing Rouson's actual income during the retroactive time period but that the ALJ failed to use this evidence to calculate his support obligation. We therefore reverse and remand to the Department of Administrative Hearings for recalculation of the retroactive support award in accordance with section 61.30(1)(a).

Finally, as the parties correctly point out, the ALJ failed to incorporate a child support guidelines worksheet in the final order. Without a guidelines worksheet, we cannot determine whether an award of retroactive child support is supported by the evidence. Thus, on remand, the ALJ is directed to attach a child support guidelines worksheet to the amended final order. *See McGill v. McGill*, 355 So. 3d 563, 564 (Fla. 2d DCA 2023) (reversing where trial court failed to make factual findings on the parties' incomes and failed to attach a child support guidelines

3

worksheet to its judgment); *Durham v. Dep't of Revenue ex rel. Durham*, 850 So. 2d 653, 654 (Fla. 2d DCA 2003) (holding that it was error for the court to determine child support without a child support guidelines worksheet).  In all other respects, we affirm.

Affirmed in part, reversed in part, and remanded with instructions.

BLACK and LUCAS, JJ., Concur.

_____

Opinion subject to revision prior to official publication.