# Third District Court of Appeal

## State of Florida

Opinion filed May 13, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1450
Lower Tribunal Nos. 24-57977,
24-2730, 15D-24-00492

_____

**Tonisha Timothy,**

Appellant,

vs.

**European Wax Center,**

Appellee.

An Appeal from the Florida Commission on Human Relations.

Tonisha Timothy, in proper person.

Ogletree, Deakins, Nash, Smoak & Stewart, P.C., and Patrick F. Martin and Jessica M. Pagliery, for appellee.

Before SCALES, C.J., and LINDSEY, and GOODEN, JJ.

LINDSEY, J.

Appellant, Tonisha Timothy, appeals a Final Order Dismissing Petition entered by the Florida Commission on Human Relations, adopting the Recommended Order issued in the above-styled case by an Administrative Law Judge ("ALJ"). In doing so, the Commission adopted the ALJ's findings of fact and conclusions of law. Although Timothy's exceptions to the Recommended Order were rejected for failure to comply with the statutory requirements for specific rulings, the outcome would be no different regardless of whether there was compliance.

The applicable standard to review an ALJ's findings of facts is competent, substantial evidence. See § 120.68(7)(b), Fla. Stat. (2025) ("The agency's action depends on any finding of fact that is not supported by competent, substantial evidence in the record of a hearing conducted pursuant to ss. 120.569 and 120.57; however, the court shall not substitute its judgment for that of the agency as to the weight of the evidence on any disputed finding of fact[.]"); Hernandez v. Guerra, 230 So. 3d 514, 516 (Fla. 3d DCA 2017) ("This Court may not reverse the ALJ's findings of fact if those findings are supported by competent, substantial evidence."); Bagarotti v. Reemployment Assistance Appeals Comm'n, 208 So. 3d 1197, 1199 (Fla. 3d DCA 2017) ("An administrative hearing officer's findings of fact may not

be disturbed by a reviewing court if those findings are supported by competent, substantial evidence.").

Under this standard, we are powerless to reverse the lower court's factual findings simply because Timothy is convinced that we or another lower court would have decided the case or weighed the evidence differently.

Thus, based on the record before us, we find no reversible error.

Affirmed.